889 F.2d 172
 112 A.L.R.Fed. 765, 58 USLW 2303
 Charles BANKSTON, Sr., Administrator of the Estate of
Charles Bankston, Jr., Deceased, and Regina Dixon,
Appellants,
v.
TOYOTA MOTOR CORPORATION, Toyota Motor Sales U.S.A., Inc.
and Toyota Motor Distributors, Inc., Appellees.
 No. 89-1249.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 14, 1989.
Decided Nov. 13, 1989.
 
 E.C. Gilbreath, Fort Smith, Ark., for appellants.
 Jay M. Smyser, Chicago, Ill., for appellees.
 Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 Appellants Charles Bankston, Sr. and Regina Dixon filed suit in the United States District Court for the Western District of Arkansas[1] against Toyota Motor Corporation, a Japanese corporation, seeking damages resulting from an accident involving a Toyota truck. The appellants first attempted service of process upon Toyota by serving an affiliated United States corporation in Torrance, California, as Toyota's purported agent. Toyota filed a motion to dismiss for improper service of process. The district court denied Toyota's motion but granted the appellants 45 days in which to serve Toyota in accordance with the Hague Convention.
 
 
 2
 The appellants next attempted to serve process upon Toyota by sending a summons and complaint by registered mail, return receipt requested, to Tokyo, Japan. The documents were in English and did not include a translation into Japanese. The receipt of service was signed and returned to appellants. Toyota renewed its motion to dismiss, arguing that the appellants' proposed method of service still did not comply with the Hague Convention.
 
 
 3
 The district court concluded that Article 10(a) of the Hague Convention does not permit service of process upon a Japanese corporation by registered mail. In an order dated January 4, 1989, the district court gave the appellants an additional sixty days in which to effect service in compliance with the Hague Convention.
 
 
 4
 On January 13, 1989, the district court granted the appellants' motion to amend the order pursuant to 28 U.S.C. Sec. 1292(b)[2] and certified the issue for interlocutory appeal to this court. On February 9, 1989, this court entered an order granting appellants leave to take an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b).
 
 
 5
 The Hague Convention is a multinational treaty, formed in 1965 for the purpose of creating an "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." Hague Convention preamble, 20 U.S.T. 361, 362, T.I.A.S. No. 6638, reprinted in 28 U.S.C.A. Fed.R.Civ.P. 4, note, at 130 (West Supp.1989). The Convention sets out specific procedures to be followed in accomplishing service of process. Articles 2 through 6 provide for service through a central authority in each country. Article 8 allows service by way of diplomatic channels. Article 19 allows service by any method of service permitted by the internal law of the country in which service is made. Under Article 21 of the Convention, each signatory nation may ratify its provisions subject to conditions or objections.
 
 
 6
 The crucial article for this discussion is Article 10, under which appellants herein purportedly attempted to serve process upon Toyota by registered mail. Article 10 provides in relevant part:
 
 
 7
 Provided the State of destination does not object, the present Convention shall not interfere with--
 
 
 8
 (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
 
 
 9
 (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
 
 
 10
 (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.
 
 
 11
 Japan has objected to subparagraphs (b) and (c), but not to subparagraph (a). The issue before this court is whether subparagraph (a) permits service on a Japanese defendant by direct mail.
 
 
 12
 In recent years, two distinct lines of Article 10(a) interpretation have arisen. Some courts have ruled that Article 10(a) permits service of process by mail directly to the defendant without the necessity of resorting to the central authority, and without the necessity of translating the documents into the official language of the nation where the documents are to be served.
 
 
 13
 In general, these courts reason that since the purported purpose of the Hague Convention is to facilitate service abroad, the reference to " 'the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service." Ackermann v. Levine, 788 F.2d 830, 839 (2d Cir.1986). See also Smith v. Dainichi Kinzoku Kogyo Co., 680 F.Supp. 847, 850 (W.D.Tex.1988); Newport Components, Inc. v. NEC Home Electronics, Inc., 671 F.Supp. 1525, 1541 (C.D.Cal.1987). These courts have further found that the use of the "send" rather than "service" in Article 10(a) "must be attributed to careless drafting." Ackermann v. Levine, supra, 788 F.2d at 839.
 
 
 14
 The second line of interpretation, advocated by Toyota, is that the word "send" in Article 10(a) is not the equivalent of "service of process." The word "service" is specifically used in other sections of the Convention, including subsections (b) and (c) of Article 10. If the drafters of the Convention had meant for subparagraph (a) to provide an additional manner of service of judicial documents, they would have used the word "service." Subscribers to this interpretation maintain that Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained by means of the central authority. See, e.g., Hantover, Inc. v. Omet, 688 F.Supp. 1377, 1385 (W.D.Mo.1988); Prost v. Honda Motor Co., 122 F.R.D. 215, 216 (E.D.Mo.1987); Pochop v. Toyota Motor Co., 111 F.R.D. 464, 466 (S.D.Miss.1986); Mommsen v. Toro Co., 108 F.R.D. 444, 446 (S.D.Iowa 1985); Suzuki Motor Co. v. Superior Court, 200 Cal.App.3d 1476, 249 Cal.Rptr. 376 (1988).
 
 
 15
 We find this second line of authority to be more persuasive. It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). In addition, where a legislative body "includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). In Suzuki Motor Co. v. Superior Court, 249 Cal.Rptr. at 379, the court found that because service of process by registered mail was not permitted under Japanese law, it was "extremely unlikely" that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan had specifically objected to the much more formal modes of service by Japanese officials which were available in Article 10(b) and (c).
 
 
 16
 We conclude that sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention. We affirm the judgment of the district court and remand this case with directions that appellants be given a reasonable time from the date of this Order in which to effectuate service of process over appellee Toyota Motor Corporation in compliance with the terms of the Hague Convention.
 
 
 17
 John R. GIBSON, Circuit Judge, concurring.
 
 
 18
 I concur in the court's opinion today in every respect. The court correctly interprets the Hague Convention. I write separately only to express nagging concerns I have about the practical effect of our opinion. Automobiles are subject to a plethora of regulations requiring particular equipment and detailed warnings. Should an automobile manufactured in Japan carry a disclosure that, if litigation ensues from its purchase and use, service of process on the Japanese manufacturer can only be obtained under the Hague Convention? Should the purchaser also be informed that this special service of process will cost $800 to $900, as we are told, and must include a translation of the suit papers in Japanese? These decisions we must leave to others. I write only to express my discomfort with the practical effect of Toyota's insistence on strict compliance with the letter of the Hague Convention.
 
 
 
 [1]
 The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas
 
 
 [2]
 28 U.S.C. Sec. 1292(b) provides in part:
 (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.