**Paul RAFFA**

v.

**NISSAN MOTOR CO. LTD. and Nissan Motor Corporation in U.S.A.**

No. 91–0102.

United States District Court, E.D. Pennsylvania.

June 25, 1991.

A. Terry Daly, Philadelphia, Pa., for plaintiff.

Wayne A. Graver, Lavin, Coleman, Finarelli & Gray, Philadelphia, Pa., for defendants.

### ORDER

NEWCOMER, District Judge.

AND NOW, this 24th day of June, 1991, after consideration of defendant Nissan Motor Co., Ltd.'s Motion To Quash Service of Process, and plaintiff's response thereto, it is hereby ORDERED that defendant's motion is GRANTED. It is FURTHER ORDERED that defendant's Motion to Dismiss for Insufficiency of Process and In-sufficiency of Service of Process is DENIED.

Federal Rules of Civil Procedure 4(c)(2)(C)(i)–(ii), as applied to the instant case, dictate that service of process on defendant Nissan Motor Co., Ltd. involve the transmission of documents abroad by plaintiff. The United States Supreme Court in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988), declared that where service of process requires transmission of documents abroad, the method of service shall be governed by the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 UST 361, TIAS No. 6638 ("Hague Convention"). Therefore, to be valid, plaintiff's attempted service of process on defendant must comply with the requirements set forth in the Hague Convention.

The parties' briefing of the motion at issue reveals that plaintiff attempted service on defendant by two alternative means. First, plaintiff sent a copy of the summons and complaint (in English) by registered mail directly to defendant in Japan on or about April 9, 1991. Second, plaintiff engaged the services of Attorney's Process Service International ("APSI") to translate the summons and complaint into Japanese and send these documents, along with a request for service, to the Japanese Foreign Ministry. APSI forwarded the documents to the Japanese Foreign Ministry on or about April 29, 1991. The parties' briefing further demonstrates that defendant was unaware, at the time the instant motion was filed, that plaintiff had attempted the second method of service.

Defendant advanced two theories in support of its motion to dismiss and/or quash service. First, defendant contended that plaintiff's attempted service by registered mail on April 9, 1991, did not comply with either Articles 2 through 5 or Article 10(a) of the Hague Convention, and was therefore invalid. Second, defendant asserted that as the summons and complaint mailed by plaintiff on April 9 were written in English and were unaccompanied by a

Japanese translation, service was violative of Article 5 of the Hague Convention and due process of law.

Plaintiff's attempted service by registered mail on April 9, 1991, is clearly violative of Articles 2 through 5 of the Hague Convention which require documents to be served through the receiving nation's designated central authority unless the addressee voluntarily accepts direct service of process. Plaintiff's direct mailing to defendant was not accepted voluntarily, as the existence of defendant's challenge to the validity of service demonstrates. A more difficult issue to resolve is whether plaintiff's mailing of April 9, 1991, is valid under Article 10(a) of the Hague Convention.[1]

Article 10 of the Hague Convention states: "Provided the State of destination does not object[2], the present Convention shall not interfere with—(a) the freedom to send judicial documents, by postal channels, directly to persons abroad, ..." This clause has met with two conflicting interpretations in the courts. The first line of interpretation equates the term "send" with "service" and therefore holds that Article 10(a) permits the service of process through postal channels directly on a defendant, without translation of the documents into the receiving state's language. *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 173 (8th Cir.1989). This construction of Article 10(a) would reject both theories advanced by defendant. Following is a brief discussion of the major rationales advanced in support of this construction.

One argument is that the failure of a party to the Convention to object to Article 10(a) signals an implicit consent to service through postal channels. *Ackermann v. Levine*, 788 F.2d 830, 839–40 (2nd Cir.1986).

It is also contended that the use of the word "send" in Article 10(a) instead of the word "service" as appears elsewhere in the Convention is attributable to poor drafting, not to any conscious intent of the drafters. *Id.* at 839, *citing* 1 B. Ristau, International Judicial Assistance (Civil and Commercial) § 4–28 at 165–67 (1984). The third basis supporting this first construction espouses the theory that as the entire Convention relates to the service of documents, Article 10(a) would be superfluous if it related to a subject other than service. *Shoei Kako Co., Ltd. v. Superior Court*, 33 Cal.App.3d 808, 109 Cal.Rptr. 402, 411–12 (1973). This court finds none of these arguments to be compelling.

This court, however, is persuaded by the second line of Article 10(a) interpretation that has developed only recently. This construction does not equate the term "send" with "service" and therefore does not permit service through postal channels under Article 10(a). Three convincing arguments support this view.

First, principles of statutory construction compel this interpretation. The word "service" appears throughout the Convention, yet Article 10(a) uses the word "send." Presumptively, if the drafters had intended for Article 10(a) to provide a means of service, the word "service" would have been employed. *Bankston, supra*, 889 F.2d at 174; *Mommsen v. Toro Co.*, 108 F.R.D. 444, 446 (S.D. Iowa 1985). Second, it strains credibility to assume that Japan, which does not permit service by mail internally, and which objected to the rigorous methods of service of Articles 10(b) and 10(c), would consent to the liberal method of service from abroad through postal channels under Article 10(a). *Suzuki Motor Co., Ltd. v. Superior Court*, 200 Cal. App.3d 1476, 249 Cal.Rptr. 376, 379 (1988). Third, the Convention laboriously devel-

**1.** Plaintiff briefed the issue of the validity of the April 9 service under Article 10(a) only cursorily, seemingly acting under the belief that the attempted service through APSI of April 29 will be valid. As it has not been established that this alternative method will succeed in effectuating service, this court views the question of the validity of the April 9 service under Article 10(a) as a significant issue in terms of defendant's motion to dismiss. As such, this court will

address the issue in somewhat more detail than plaintiff chose to.

**2.** Japan has not declared an objection to Article 10(a), though it has objected to Articles 10(b) and 10(c). *See Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,* 112 (1983).

oped a complex system for service of process, yet if service of process could be accomplished simply "'by sending something through the mail, the vast bulk of the Convention would be useless.'" *McClenon v. Nissan Motor Corp. in U.S.A.*, 726 F.Supp. 822, 826 (N.D. Florida 1989), *quoting* E. Routh, "Litigation Between Japanese and American Parties," *Current Legal Aspect of Doing Business in Japan and East Asia,* J. Haley, ed. (A.B.A.1978) at 190–91.

As this court subscribes to the view of Article 10(a) that does not allow for service of process through postal channels, defendant's motion requesting that plaintiff's attempted service of April 9, 1991, by registered mail be quashed is granted.

This court, however, is not willing to grant defendant's motion for dismissal. Plaintiff has retained APSI to attempt to effectuate service pursuant to Articles 2 through 5 of the Hague Convention. APSI, on or about April 29, 1991, transmitted Japanese translations of the summons and complaint to the Japanese Foreign Ministry, Japan's designated central agency. Because it is still possible for plaintiff, through APSI, to perfect service on defendant, the motion to dismiss for insufficiency of process and service is denied.

AND IT IS SO ORDERED.