Farris PATTY, Plaintiff,

v.

**TOYOTA MOTOR CORPORATION**
and Toyota Motor Sales, Inc.,
U.S.A., Defendants.

Patricia P. NEAL, Plaintiff,

v.

**TOYOTA MOTOR CORPORATION**
and Toyota Motor Sales, Inc.,
U.S.A., Defendants.

Civ. A. Nos. 4:–91–v–62–HLM,
4:–91–v–63–HLM.

United States District Court,
N.D. Georgia,
Rome Division.

Oct. 17, 1991.

James Edward Butler, Jr., Butler Wooten Overby & Cheeley, Columbus, Ga., Robert David Cheeley, Patrick Alan Dawson, Butler Wooten Overby & Cheeley, Atlanta, Ga., for plaintiffs.

Benjamin Louis Weinberg, Jr., C. Bradford Marsh, Long Weinberg Ansley & Wheeler, Atlanta, Ga., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

These cases are consolidated for the purposes of the pending motions which raise identical issues. The cases are before the Court on Defendant Toyota Motor Corporation's Motion to Dismiss Plaintiffs' Complaint. A hearing on the issues raised by Defendant's motion was held on Tuesday September 10, 1991, and a decision reserved pending this Court's receipt of further written arguments. Based on the evidence submitted at the hearing, and the briefs submitted, this Court concludes that Defendant's Motion to Dismiss should be denied.

### A. *Facts*

The case arises from an auto accident involving an automobile manufactured by Toyota Motor Corporation and sold by Toyota Motor Sales, U.S.A., Inc. The accident occurred on March 29, 1989, when Plaintiff Patricia Neal was unable to deactivate the cruise control on her 1988 Toyota Corolla automobile and crashed into a transfer trailer truck. Patricia Neal's grandmother, Plaintiff Farris Patty, was a passenger in the automobile at the time of the accident.

On March 26, 1991, Plaintiffs filed suit against Defendants alleging claims for strict liability, negligence, failure to warn, and failure to recall. On April 1, 1991, Plaintiff sent a copy of the summons and complaint to Defendant Toyota Motor Cor-

poration in Japan via registered mail. On April 7, 1991, Toyota Motor Corporation's representatives in Japan acknowledged receipt of the summons and complaint. Defendants in Japan, however, insist on being served pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, TIAS No. 10072 (U.S. Treaties and other International Acts) and 20 UST 361. Although Plaintiff sent APS International[1] a copy of the summons and complaint on April 8, 1991, it was not until May 15, 1991 that the Toyota Branch of the Nagoya Legal Affairs Bureau certified the registered contents of the documents, and May 29, 1991, that the documents were served on Defendant Toyota Motor Corporation.

On July 3, 1991, Defendants filed two motions to dismiss. The first, made by both Defendants, sought to dismiss Count II of the Plaintiff's Complaint on the ground that it failed to state a claim upon which relief may be granted. The second motion, filed by Toyota Motor Corporation of Japan, sought to dismiss Plaintiff's action since service was not perfected in a timely manner before the statute of limitations expired. As explained above, a decision on Defendant Toyota Motor Corporation's ("Defendant") motion was reserved until today.

Defendant's motion to dismiss is premised on its contention that service of process on Japanese corporations by means of certified or registered mail is not allowed under the Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 1 et seq., Fed. R.Civ.P. Rule 4. Although service in this case was later perfected by the more elaborate method set forth in the Hague Convention, Defendant seeks to have the Plaintiffs' complaints dismissed since service was not perfected in a timely manner before the statute of limitations expired.

---

1. APSI is a legal support company located in Minneapolis, Minnesota. APSI serves legal process in most countries of the world, and translates the documents into the local language.

### B. *Service of Process under the Hague Convention*

The Hague Convention is a multinational treaty, completed in 1965 for the purpose of creating an effective means of serving judicial and extrajudicial documents. Japan is a signatory of the treaty, as is the United States.

Although several methods of service of process are permitted under the Convention,[2] this case revolves around whether Article 10 of the Hague Convention permits service by means of registered mail. Article 10 provides in relevant part:

> "Provided the state of destination does not object, the present Convention shall not interfere with—
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of destination."

Under Article 21 any signatory State has the opportunity to object to one or more of the Convention's provisions. Japan has objected to subparagraph (b) and (c), but not to subparagraph (a).

■ Two distinct lines of interpretation concerning Article 10(a) have arisen since the Convention's adoption. Some Courts hold that Japan's failure to object to subparagraph (a) indicates that country's acceptance of service of process by mail. *See, Ackermann v. Levine*, 788 F.2d 830 (2d Cir.1986); *Meyers v. ASICS Corp.*, 711 F.Supp. 1001 (C.D.CA.1989); *Smith v. Dainichi Kinzoku Co.*, 680 F.Supp. 847 (W.D.Tex.1988); *Newport Components, Inc. v. NEC Home Electronics (U.S.A.) Inc.*, 671 F.Supp. 1525 (C.D.CA.1987); *Weight v. Kawasaki Heavy Industries*, 597 F.Supp. 1082 (E.D.Va.1984); *Chrysler Corp. v. General Motors Corp.*, 589 F.Supp. 1182 (D.D.C.1984).

Another line of interpretation holds that service of process by mail is not permitted under the Hague Convention. These cases consider the use of the word "send" in subparagraph (a) does not mean or include service of process. *Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir.1989); *Wasden v. Yamaha Motor Co. Ltd.*, 131 F.R.D. 206 (M.D.Fla.1990); *Hantover, Inc. v. Omet, S.N.C. of Volentieri & Co.*, 688 F.Supp. 1377 (W.D.Mo.1988); *Prost v. Honda Motor Co.*, 122 F.R.D. 215 (E.D.Mo. 1987).

The reasoning set forth in these opinions is well developed and does not need to be set forth in detail here.[3] This Court is persuaded that the weight of authority favors an interpretation of Article 10(a) of the Hague Convention which allows service

---

**2.** Articles 2 through 6 of the Hague Convention provide for service of process through a central authority in each country, Article 8 allows service of process through diplomatic sources, and Article 19 allows service by any method permitted by the internal law of the country in which service is to be made. *Bankston v. Toyota Motor Corporation*, 889 F.2d 172, 173 (8th Cir. 1989).

**3.** This Court does register its specific disapproval of the analysis given this question by the Eighth Circuit in *Bankston v. Toyota Motor Corporation*, 889 F.2d 172 (8th Cir.1989). The Eighth Circuit's opinion in *Bankston* noted that it was "extremely unlikely that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail as an effective mode

of service of process." *Id.* at 174. In the view of this Court, Japan's specific objections to other parts of the treaty indicate that its negotiators were well aware of the import of the provisions it failed to object to. Moreover, given the number of Courts which have upheld service of process by direct mail, this Court must assume that the Japanese Government is aware of the interpretation given the Hague Convention in this country. The fact that no efforts to amend the Convention have been undertaken by the Japanese Government can only indicate tacit agreement. Lastly, the *Bankston* Court's refusal to uphold service of process by registered mail gives Japanese Corporations doing business in the United States an unbargained for defense to a lawsuit brought by a United States consumer.

of process by registered mail. In the view of this Court, such an interpretation is reasonable based on the language of the Convention and also that such an interpretation serves the purposes of the Hague Convention and the Federal Rules of Civil Procedure by giving adequate notice of the complaint and the grounds thereof. *See, e.g. Bankston,* supra, 889 F.2d at 173 ("The Hague Convention [was formed] for the purpose of creating an 'appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time' ").

■ Applying this authority in the case at bar it appears that Plaintiffs' service of the summons and complaint via registered mail on April 1, 1991, and Toyota Motor Corporation's receipt and acknowledgement of that service on April 7, 1991, was effective under the Hague Convention. Accordingly, Defendant's Motion to Dismiss on this ground is denied.

### C. *Reasonable Diligence under the Circumstances*

■ Even had this Court found that service of process by certified mail was not effective under the Hague Convention, however, this Court finds that Plaintiffs used due diligence in attempting to serve Toyota Motor Corporation after the statute of limitations had expired. On or about April 8, 1991, Plaintiffs sent copies of their complaint to APS International initiating the lengthy translation and service of process procedure provided in Article 5 of the Hague Convention. Plaintiffs used this method of service in addition to the more straight forward method provided under Article 10(a) in order to remove any doubt that service would be satisfactory. Service under this method was perfected under Article 5 in late May of 1991.

■ Under Georgia law,[4] if service is perfected within five days of filing the complaint, even though the statute of limitations has run before service is perfected,

service will relate back. *Hilton v. Maddox, Bishop, Hayton Frame & Trim Contractors, Inc.,* 125 Ga.App. 423, 188 S.E.2d 167 (1972). If service is perfected more than five days after the filing of the complaint and after the statute of limitations has run, service still relates back provided the plaintiff diligently attempted to perfect service. *Cambridge Mutual Fire Insurance Co. v. City of Claxton, Georgia,* 720 F.2d 1230 (11th Cir.1983). In determining whether a plaintiff diligently attempted to perfect service, "a reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." *Childs v. Catlin,* 134 Ga.App. 778, 781, 216 S.E.2d 360 (1975).

Applying this authority in the case at bar this Court finds that Plaintiffs were reasonably diligent in their attempts to serve the Toyota Motor Corporation. This Court finds the fact that Plaintiffs used two methods of service, and did so expeditiously under the circumstances (which include, of course, the short length of time before the statute of limitations was to expire, and the uncertainty under the law of this jurisdiction regarding service of process under the Hague Convention), as well as the other evidence of record and presented by the parties to this Court at the September 12, 1991, hearing, demonstrate reasonable diligence. Accordingly, this Court finds that even if Plaintiff's first attempt at service failed to comport with the standards of the Hague Convention, their second service pursuant to Article 5 of the Hague Convention relates back to time of filing and, therefore, avoids Defendant's statute of limitations defense. Defendant's Motion to Dismiss is denied on this alternative ground.

### D. *Conclusion*

This Court finds that service of process by registered mail is an acceptable means

---

**4.** As both sides agree, statutes of limitations are substantive laws and must be followed by federal courts in diversity actions. *See, Cambridge*

*Mutual Fire Insurance Co. v. City of Claxton, Georgia,* 720 F.2d 1230, (11th Cir.1983).

of service under the Hague Convention. Moreover, even had service of process by registered mail not been found acceptable under the Hague Convention, this Court finds that the Plaintiffs were reasonably diligent under the circumstances of this case in attempting to perfect service, and therefore, that their second method of service relates back to the time of filing and avoids Defendant's statute of limitations defense.

Accordingly, based on the above, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.