34 F.3d 1079
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wilmer C. JORDAN, Plaintiff-Respondent,
v.
NISSAN MOTOR CO., LTD., and Toyota Motor Corporation,
Defendants-Petitioners.
 Misc. No. 403.
 United States Court of Appeals, Federal Circuit.
 Aug. 5, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Nissan Motor Co., Ltd. and Toyota Motor Corporation (Nissan) petition for permission to appeal, under 28 U.S.C. Sec. 1292(b), (c)(1), the May 18, 1994 and June 13, 1994 orders of the United States District Court for the Northern District of Illinois. Wilmer C. Jordan has not filed a response.
 
 
 2
 Nissan describes the issue raised by the district court's order as:
 
 
 3
 Does the Hague Convention permit a plaintiff to effectuate service of process on a foreign defendant simply by sending the summons and complaint to the defendant overseas by U.S. certified mail?
 
 
 4
 The Seventh Circuit has not addressed this issue. After acknowledging the split of authority between the Second Circuit and the Eighth Circuit,* and between the district courts in its own circuit, the district court held that service by mail complied with the Hague Convention.
 
 
 5
 The district court's certification order stated that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from such order may materially advance the ultimate termination of the litigation." Nissan asserts that all the requirements for interlocutory review, pursuant to 28 U.S.C. 1292(b), are met.
 
 
 6
 This court must make its own determination whether it will accept an interlocutory appeal pursuant to Sec. 1292(b), (c)(1). In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). An appellate court has broad discretion in determining whether to grant or deny a petition for permission to appeal. Digital Equipment Corp. v. Desktop Direct, Inc., 62 U.S.L.W. 4457, 4463, n. 9; In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d at 822. While Nissan's view of the unsettled state of the law may be correct, we point out that the controlling question of law regarding valid service of process under the Hague Convention is an issue not unique to patent law. Rather, we are being asked to decide, on an interlocutory basis, what the law of the Seventh Circuit would be. While it is true that we may be reviewing this issue later on appeal after final judgment, the Second Circuit may in the interim decide the issue. Thus, reviewing the issue in the context of an appeal after judgment and deciding, in our discretion, to review it on an interlocutory basis are different matters. Intervening events may clarify the law of the Seventh Circuit or there may never be a later appeal. Thus, we decline to accept an interlocutory appeal of this matter.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 Nissan's petition for permission to appeal is denied.
 
 
 
 *
 In Ackerman v. Levine, 788 F.2d 830 (2d Cir.1986) the Second Circuit held that mail service is sufficient under the Hague Convention. The Eighth Circuit in Bankston v. Toyota Motor Corp., 889 F.2d 172, 174 (8th Cir.1989) rejected the holding of Ackerman determining that service by mail is insufficient