**Kenneth POSTAL, Individually and as Representative of Both the Estate and the Beneficiaries of Barry Postal, Deceased; and Lori Postal as Next Friend of Stephen Postal, a Minor, Plaintiffs,**

v.

**PRINCESS CRUISES, INC., et al., Defendants.**

**Civ. A. No. 3:93–CV–1170–D.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 13, 1995.

Robert B. Krakow and Peter C. D'Apice of Gibson, Dunn & Crutcher, Dallas, Tex., for defendant Princess Cruises, Inc.

FITZWATER, District Judge:

The instant case presents the question whether Article 10(a) of the Hague Convention, which preserves the freedom to send judicial documents by postal channels, authorizes service of summons by direct mail. For the reasons that follow, the court holds that it does not.

I

Plaintiffs' decedent died of a myocardial infarction aboard a cruise ship. Plaintiffs allege that defendant Andrej Zmyslowski, M.D. ("Dr. Zmyslowski") is liable on various theories for failing to diagnose and timely treat the decedent's condition.

Plaintiffs have been unsuccessful in their attempts to effect service of summons on Dr. Zmyslowski, a British citizen. Plaintiffs' attempts include effecting personal service on Dr. Zmyslowski while he was aboard the *M.V. Royal Princess,* a British vessel which had docked in New York harbor at the time of this attempt. In a November 30, 1993 opinion the court granted Dr. Zmyslowski's motion to quash service because plaintiffs had failed to comply with the Hague Convention. At that time, the court ordered that plaintiffs establish service within 120 days.

Plaintiffs concede that their subsequent attempts at service have so far been unsuccessful. Plaintiffs now move the court to order service of summons by ordinary mail pursuant to the discretion conferred upon this court by Fed.R.Civ.P. 4(f)(3). Plaintiffs contend that Article 10(a) of the Hague Convention preserves the court's discretion to order service by direct mail. Defendants respond that Article 10(a) does not concern service of summons, and the specific methods of service detailed in the Hague Convention provide plaintiffs with the only means for effecting service.

II

Rule 4(f)(3) authorizes the court to direct service of summons upon individuals in a

Janet D. Dann of Law Offices of Windle Turley, P.C., Dallas, Tex., for plaintiffs.

foreign country "by other means not prohibited by international agreement." The court must determine whether the Hague Convention prohibits the court from ordering service of summons upon Dr. Zmyslowski by direct mail.

The Hague Convention states, in relevant part:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) *the freedom to send judicial documents, by postal channels, directly to persons abroad.*

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Convention on the Service Abroad of Judicial and ExtraJudicial Documents in Civil or Commercial Matters, Article 10, opened for signature November 15, 1965, *reprinted in* 28 U.S.C.A.Fed.R.Civ.P. 4 (West 1992) (emphasis added).

The parties refer the court to two distinct lines of cases dealing with whether "the freedom to send judicial documents, by postal channels" allows service of summons by mail. Plaintiffs rely on a line of cases holding that the term "send" in Article 10(a) actually refers to service of summons. *Ackermann v. Levine*, 788 F.2d 830, 838–40 (2d Cir.1986); *Melia v. Les Grands Chais de France*, 135 F.R.D. 28, 35–36 (D.R.I.1991); *Coblentz GMC/Freightliner, Inc. v. General Motors Corp.*, 724 F.Supp. 1364, 1372 (M.D.Ala.1989), *aff'd*, 932 F.2d 977, and *aff'd*, 932 F.2d 978 (11th Cir.1991); *Meyers v. ASICS Corp.*, 711 F.Supp. 1001, 1007–08 (C.D.Cal.1989). In order to effect the general policy behind the Hague Convention of providing simple and more effective service, these courts have reasoned that Article 10(a)'s use of the term "send" represents nothing more than careless drafting. *See Ackermann*, 788 F.2d at

839. In addition, Article 10(a) would be rendered superfluous if it did not permit service of summons by mail. *See id.*

Defendants, on the other hand, cite cases that interpret "send" to refer to the mailing of documents other than those associated with service of summons. *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 173–74 (8th Cir.1989); *Pennebaker v. Kawasaki Motors Corp.*, 155 F.R.D. 153, 157 (S.D.Miss.1994); *ARCO Elec. Control Ltd. v. CORE Int'l*, 794 F.Supp. 1144, 1147 (S.D.Fla.1992); *Raffa v. Nissan Motor Co.*, 141 F.R.D. 45, 46–47 (E.D.Pa.1991). Because the Hague Convention consistently uses the term "service" to refer to service of summons, these courts have declined to accept the contention that Article 10(a) represents careless drafting. *ARCO*, 794 F.Supp. at 1147. This interpretation does not render Article 10(a) superfluous because it preserves the right to mail judicial documents other than the summons and complaint, *e.g.*, motions or discovery responses after service has been perfected. *Id.*

The court agrees with the cases on which defendants rely. In general, "legislatures, including treaty conventions, act intentionally, and ... the statutory language is conclusive." *Id.* The court discerns no reason to abandon the general rule in this case. The numerous other provisions of the Hague Convention designed to create methods of service use the terms "serve," "service," or "to effect service." *See* Articles 1, 2, 3, 5, 6, 8, 9, 10(b), 10(c), 11, 12, 13, and 19; *ARCO*, 794 F.Supp. at 1147. By doing so, the Hague Convention invokes legal terms of art with a specific, technical meaning. *ARCO*, 794 F.Supp. at 1147. The court declines to accept the proposition that the drafters, after carefully using the word "service" in several other provisions, negligently omitted the correct term in Article 10(a), thereby authorizing service of summons in a manner not otherwise permitted by articles that address the subject explicitly.

The court also rejects the proposition that limiting the term "send" in Article 10(a) to documents other than the complaint and summons somehow renders the entire provision meaningless. There are numerous judi-

**500**

cial documents that do not involve service of summons. By preserving the right of parties to mail such documents where it is already allowed, the Hague Convention advances one of its stated goals of achieving a more uniform system in international disputes. Perhaps courts envision a more efficient system than the one produced by the inevitable compromises involved in a multinational treaty. The court declines, however, to ignore the plain language of the Hague Convention in the name of efficiency.

\*　　\*　　\*

Article 10(a) does not authorize service of summons by ordinary mail. The Hague Convention removes any discretion the court may have had under Rule 4(f)(3) to order service in this manner. Therefore, the court denies plaintiffs' motion.

**SO ORDERED.**