Jerry GONNUSCIO, Plaintiff,

v.

SEABRAND SHIPPING LIMITED, a foreign corporation, Defendant.

Civil No. 95–752–FR.

United States District Court, D. Oregon.

Dec. 20, 1995.

Jeffrey S. Mutnick, Pozzi Wilson Atchison, Portland, Oregon, for Plaintiff.

Dean D. DeChaine, Steven F. Hill, Miller, Nash, Wiener, Hager & Carlsen, Portland, Oregon, for Defendant.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the motion of the defendant, Seabrand Shipping Limited (Seabrand), to dismiss for insufficiency of service of process (# 6), or in lieu thereof to quash the return of service of summons, on the grounds that the plaintiff, Jerry Gonnuscio, failed to properly serve the summons and complaint on Seabrand in the country of Greece.

## BACKGROUND

This is a maritime personal injury case filed against Seabrand, a Greek corporation. The complaint was filed with the court on June 6, 1995. On June 7, 1995, as requested by Gonnuscio, the clerk of the court served process on Seabrand by registered mail.

## APPLICABLE LAW

Article 1 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention) provides that the Hague Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." The United States Supreme Court has interpreted this to mean that where service abroad is required by the forum in which a civil or commercial action is brought, compliance with the Hague Convention is mandatory for its signatory countries. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705, 108 S.Ct. 2104, 2111, 100 L.Ed.2d 722 (1988).

Rule 4(h) of the Federal Rules of Civil Procedure provides for service upon foreign corporations in any manner provided by Rule 4(f) of the Federal Rules of Civil Procedure, except for personal delivery as provided in paragraph (2)(C)(i) of Rule 4(f). Rule 4(f) provides, in pertinent part:

Unless otherwise provided by federal law, service upon an individual ... may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents....

## DISCUSSION

The United States and Greece are signatory countries; therefore, compliance with the Hague Convention is mandatory.

Articles 2 through 6 of the Hague Convention authorize service through designated central authorities in each country. Article 10 broadens this authorization to those signatory countries that do not specifically object to its provisions:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, or

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Authority in the United States is split over whether Article 10(a) authorizes service of process by mail to a foreign defendant abroad. The United States Court of Appeals for the Ninth Circuit has not ruled on this issue.

As other courts have done in examining this issue, the court will rely on two common canons of statutory construction in

determining whether the term "send" in Article 10(a) authorizes service of process by mail. First, "where a legislative body 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion.'" *Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 174 (8th Cir.1989) (quoting *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983)). And, second, "where a legislative body 'uses terms that have accumulated meaning under either equity or the common law, a court must infer, unless the statute otherwise dictates, that the [legislative body] means to incorporate the established meaning of these terms.'" *Mommsen v. Toro Co.,* 108 F.R.D. 444, 446 (S.D.Iowa 1985) (quoting *NLRB v. Amax Coal Co.,* 453 U.S. 322, 329, 101 S.Ct. 2789, 2794, 69 L.Ed.2d 672 (1981)).

A reading of the Hague Convention reveals that Article 10(a) is the only section where the word "send" is used. In every other paragraph of the Hague Convention, the word "service" or "served" is used when referring to service of process. Applying the canons of statutory construction above, the court finds that the signatory countries purposefully used the word "send" and not "service" in Article 10(a) for the transmittal of subsequent judicial documents, after service has been made. Accordingly, there is no authorization under the Hague Convention for service of process by mail. This finding is consistent with the internal laws of several of the signatory countries, including Greece, which do not allow for service of process by mail. These countries were given the opportunity to object to this provision and did not, which they, more likely than not, would have done if Article 10(a) provided for service of process by mail.

Gonnuscio served Seabrand by certified mail. This is not authorized under the Hague Convention for signatory countries. Service was improper. The return of service will be quashed.

### CONCLUSION

The motion of Seabrand to dismiss this action (# 6) is DENIED. The return of service of summons is quashed. Gonnuscio has thirty days to perfect service upon Seabrand.

IT IS SO ORDERED.