## CIRCUIT COURT OF FAIRFAX COUNTY

International Space Brokers, Inc.

v.

Vincent Redier et al.

March 15, 2000

Case No. (Law) 182051

BY JUDGE MICHAEL P. MCWEENY

The case came before the Court on February 25, 2000, upon defendants' Motion to Quash. After argument of counsel, the Court took its ruling under advisement.

### Facts

This action was filed on July 26, 1999, at which time the plaintiff requested service on the defendants pursuant to the Virginia "long-arm" Statute § 8.01-329. At all times the defendants, Vincent Redier and Olivier du Passage, were citizens and residents of the Republic of France. The Secretary of the Commonwealth then filed certificates of compliance with the Clerk of the Court reflecting service on the Secretary and that the suit papers had been "forwarded by registered mail, return receipt requested," to the respective defendants. The defendants subsequently filed their joint Motion to Quash.

### Issues

The defendants assert that service upon the Secretary of the Commonwealth as statutory agent is ineffective as this form of service violates the terms of the Convention on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters ("the Hague Service Convention"). The plaintiff responds that (1) the Virginia statutory scheme does not implicate the Hague Service Convention, (2) even if the Hague Service Convention is considered, this form of service is exempted by Article 10(a) thereof, and (3) the "saving provision" of Virginia Code § 8.01-288 cures any defect in service as there has been actual notice.

## The Hague Service Convention

The Hague Service Convention was designed "to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time," and to simplify and expedite the procedure. (Preamble, the Hague Service Convention.) Both the United States and the Republic of France are signatories and parties.

Article 2 requires that:

> Each contracting state shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States and to proceed in conformity with the provisions of articles 3 to 6.[1]

It is undisputed that the Republic of France has designated as its Central Authority the Ministry of Justice, Civil Division of International Judicial Assistance, 13 Place Vendôme, Paris. There was no service attempted through this Central Authority.

An exception to the required procedure is found in Article 10:

> Provided the State of destination does not object, the present Convention shall not interfere with
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . . .

While some of the signatory States have objected to this provision, the Republic of France has not.

---

[1] As the Hague Service Convention procedures were not utilized in the case at bar, the procedures which would be followed by the Central Authority as contained in Article 3 through 6 will not be addressed.

*Analysis*

A. *Applicability of the Convention*

The first issue is whether service on a foreign citizen under Virginia's long-arm statute, § 8.01-329, implicates the Hague Service Convention.

Pursuant to Subsection A, "service of process . . . may be made . . . on the Secretary of the Commonwealth of Virginia . . . who, for this purpose, shall be deemed to be the statutory agent of such person." The method of achieving service is set forth in Subsection C:

> Service of such process or notice on the Secretary shall be made by the plaintiff's, his agent's, or the sheriff's leaving a copy of the process or notice, together with a copy of the affidavit called for in Subsection B hereof . . . in the office of the Secretary in the City of Richmond, Virginia . . . Such service shall be sufficient on the person to be served, provided that the notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith mailed by certified mail, return receipt requested, by the Secretary to the person or persons to be served at the last known post-office address of such person, and a certificate of compliance herewith . . . shall be forthwith filed with the papers in the action. Service of process or notice on the Secretary shall be effective on the date the certificate of compliance is filed with the court in which the action is pending.

The plaintiff contends that § 8.01-329(C) provides that service is complete and "sufficient upon the person to be served" once they are received by the Secretary, and that the subsequent mailing is not "service" but a ministerial act. The Court does not agree.

The steps required for service under § 8.01-329 are (1) Delivery of the notice, process, and affidavit to the Secretary in Richmond, (2) Mailing by the Secretary of said documents to the person or persons to be served at their last post office address, and (3) Filing a certificate of compliance with the court in which the action is pending. The service is not "effective" until the last step, and therefore the mailing is an integral part of the service, not a ministerial act.

This form of service must be distinguished from that described in *Volkswagenwerk, A.G. v. Schlunk*, 486 U.S. 694 (1988). In that case, service on the foreign corporation was achieved by service on the defendant's wholly-owned subsidiary as its agent pursuant to the Illinois long-arm statute. Mailing to give actual notice to the parent corporation in Germany was deemed to be

internal communication between agent and foreign principal. Accordingly, as the Illinois long-arm statute did not require mailing under these facts, the service was complete upon service on the agent and the Hague Service Convention was not implicated.

The Court finds that service under the Virginia long-arm statute does require transmittal of documents to be served abroad, and thus the Hague Service Convention applies.

## B. *Service by Mail Exception*

The Hague Service Convention creates a Central Authority to effectuate service abroad; however, exceptions are made for alternative methods. As noted above, Article 10(a) preserves "the freedom to send judicial documents, by postal channels, directly to persons abroad."

The defendants contend that the word "send" should be given its ordinary meaning of transmit or dispatch, and that it should not be interpreted to include "serve." It is also noted that the word "serve" is used in the other Articles, yet "send" is used exclusively in Article 10(a). As admitted in argument, this is not the majority view. The weight of authority finds that "send" was intended to authorize "service" by postal channels pursuant to Article 10(a). *Ackerman v. Levine*, 788 F.2d 830 (2d Cir. 1986); *Patty v. Toyota Motor Corp.*, 777 F. Supp. 956 (N.D. Ga. 1991).

It is suggested that even though the Republic of France may not have objected to Article 10(a), this does not mean that they have agreed to the majority interpretation. The Court finds this argument to be unpersuasive in light of the Republic's inaction despite over twelve years of United States federal court decisions on the subject.

Lastly, the defendants suggest that such an interpretation would vitiate the purpose of the treaty. Considering the purpose set forth in the preamble "to simplify and expedite," the Court does not agree.

Virginia Code § 8.01-329 provides a direct mail procedure as contemplated by Article 10(a) of the Hague Service Convention. *Weight v. Kawasaki Heavy Industries, Ltd.*, 597 F. Supp. 1082 (1984). The Court finds that the service on the defendants pursuant to the Virginia long-arm statute was effective service according to Article 10(a).

## C. *The "Saving Provision," Va. Code § 8.01-288*

Although the last issue may be moot based upon the ruling above, the plaintiff has suggested that as the defendants have received actual notice, any

defects in service are cured pursuant to Virginia Code § 8.01-288. The Court does not agree.

The mailing provisions of § 8.01-329 fall within the exception created by Article 10(a) of the Hague Service Convention. There is no exception similar to Article 10(a) which would authorize an "actual notice" standard. The Hague Service Convention is a self-executing treaty and constitutes the supreme law of the land under the Supremacy Clause of Article VI of the United States Constitution. The provisions of this treaty preempt "inconsistent methods of service prescribed by state laws in all cases to which it applies." *Volkswagenwerk, A.G. v. Schlunk, supra*, 699. Virginia Code § 8.01-288 is ineffective under the facts of this case as it is inconsistent with the terms of the Convention.

## Conclusion

The defendant's Motion to Quash is denied for the reasons stated above. The defendants are granted leave to file responsive pleadings within twenty-one days from the entry of the Order.