**B.G. WASDEN and Margaret Wasden, his wife, Plaintiffs,**

v.

**YAMAHA MOTOR CO., LTD., a foreign corporation, and Yamaha Motor Corporation, USA, a foreign corporation, Defendants.**

No. 89–25–CIV–T–17 (B).

United States District Court, M.D. Florida, Tampa Division.

May 16, 1990.

Thomas W. McAliley, Beckham & McAliley, P.A., Miami, Fla., for plaintiffs.

John W. Bussey, III, Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, Orlando, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on defendant Yamaha Motor Company, Ltd.'s (YMC JAPAN) motion to quash process and service of process, and plaintiffs' response. Defendant alleges service was ineffective since it failed to meet the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention), 20 U.S.T. 361, T.I.A.S. No. 6638, *reprinted in* 28 U.S.C.A. Fed.R. Civ.P. 4, note at 138 (West Supp.1990), and for a lack of due process as required by the United States Constitution's Fifth Amendment.

Plaintiffs in this case attempted to establish service of process on the defendant, YMC JAPAN, by several methods including direct mail to the company headquarters in Japan, through the Florida Secretary of State, and through its subsidiary, Yamaha Motor Corporation, U.S.A. (YMC USA).

## I. APPLICATION OF THE HAGUE CONVENTION

■ The United States Supreme Court has ruled that "[i]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Volkswagenwerk Aktiengesellschaft v.*

*Schlunk,* 486 U.S. 694, 700, 108 S.Ct. 2104, 2108, 100 L.Ed.2d 722, 731 (1988). Thus, in accordance with the rule in *Volkswagenwerk,* plaintiffs' transmission of documents abroad by direct mail, in an attempt to serve process at the company headquarters in accordance with Florida law, must follow the Hague Convention.

Plaintiffs' service of process on the Secretary of State was also an attempt to establish process pursuant to Florida law which provides that the Florida Secretary of State may be deemed the agent for service of process for "any retailer, dealer, or vendor who has failed to designate an agent for service of process." Fla.Stat. § 48.151(5) (1989). Florida law further provides that:

> When any law designates a public officer ... as the agent for service of process on any person, firm or corporation, service of process thereunder shall be made by leaving two copies of the process with the public officer.... The public officer ... so served shall file one copy in his or its records and promptly *send the other copy, by registered or certified mail, to the person to be served....*

Fla.Stat. § 48.151(1) (1989) (emphasis added). Since this method of service also requires the transmittal of documents abroad, in accordance with the rule in *Volkswagenwerk,* the Hague Convention applies here as well.

■ The Hague Convention was entered into by the signatory nations, including the United States and Japan, to alleviate problems relating to service of judicial and extrajudicial documents abroad. Hague Convention, Art. 1. The Convention provides a mechanism which allows a plaintiff, who is authorized to serve process under the laws of its country, to effect service abroad which will both give appropriate notice to the party being served and not be objectionable to the country in which that party is served. *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288 (3d Cir. 1981). In doing so, the Convention sets out specific procedures to be followed in accomplishing service of process while also allow-

ing for objections to the enumerated methods under Article 21. The relevant portion of the Convention for Plaintiffs' attempted service of process on the defendant, YMC JAPAN, is Article 10, which states:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Japan has specifically objected to subparagraphs (b) and (c) of Article 10 but has not objected to subparagraph (a). Hague Convention, App., note 13, ¶ (4).

Because plaintiffs have attempted to establish service of process through direct mail to Japan, this court must decide whether the Hague Convention permits service on a Japanese defendant by direct mail. If it does, then service of process on the defendant, YMC JAPAN, was properly established by the plaintiff in accordance with the Hague Convention. The issue in this case is whether sending judicial documents, in accordance with Article 10(a), means or may include service of process.

## II. SERVICE BY DIRECT MAIL ABROAD

■ Two distinct lines of interpretation concerning Article 10(a) have arisen since the Convention's adoption. Some courts hold that Japan's failure to object to subparagraph (a) indicates the country's acceptance of service of process by mail. *E.g., Ackermann v. Levine,* 788 F.2d 830, 838–39 (2nd Cir.1986); *Smith v. Dainichi Kinzoku Kogyo Co.,* 680 F.Supp. 847, 850 (W.D.Tex.1988); *Newport Components,*

*Inc. v. NEC Home Electronics (U.S.A.), Inc.,* 671 F.Supp. 1525, 1541–42 (C.D.Calif. 1987); *Weight v. Kawasaki Heavy Ind., Ltd.,* 597 F.Supp. 1082, 1085–86 (E.D.Va. 1984); *Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182, 1206 (D.D.C.1984). These courts found that careless drafting led to the use of "send" instead of "service," and therefore the allowance of service of process by mail is in accordance with the drafters' intent. *Ackermann,* 788 F.2d at 838–39. They reason that because the Convention document is wholly concerned with service abroad, the reference to sending judicial documents by postal channels "would be superfluous unless it was related to the sending of such documents for the purpose of service." *Id.* at 839 (quoting *Shoei Kako Company, Ltd. v. Superior Court,* 33 Cal.App.3d 808, 821–22, 109 Cal.Rptr. 402, 411–12 (1973)); *Newport,* 671 F.Supp. at 1541–42; *see also Smith,* 680 F.Supp. at 850 (where the court states that permitting a distinction between "send" and "effect service" elevates form over substance).

Another line of cases holds that the word "send" does not mean or include service of process. *E.g., Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 174 (8th Cir.1989); *Hantover, Inc. v. Omet, S.N.C. of Volentieri & Co.,* 688 F.Supp. 1377, 1385 (W.D.Mo. 1988); *Prost v. Honda Motor Co.,* 122 F.R.D. 215, 216–17 (E.D.Mo.1987); *Pochop v. Toyota Motor Co.,* 111 F.R.D. 464, 467 (S.D.Miss.1986); *Mommsen v. Toro Company,* 108 F.R.D. 444, 446 (S.D.Iowa 1985). This interpretation recognizes that there are many provisions in the Convention which use the word "service" when describing approved methods of transmission for service of process. These courts reason that, had the drafters intended to provide for an additional method of service under subparagraph (a), they could have simply used the word "service". *Mommsen,* 108 F.R.D. at 446; *Hantover,* 688 F.Supp. at 1385. Courts following this interpretation hold that Article 10(a) merely provides a method for sending documents abroad after service of process has been obtained by means enumerated elsewhere in the Con-

vention. *Bankston,* 889 F.2d at 172. One court has concluded that a liberal reading of the word "send", like that in *Ackermann,* "vitiate[s] the fundamental intent of the parties [to the Convention] to establish more formal modes of service." *Ordmandy v. Lynn,* 122 Misc.2d 954, 472 N.Y. S.2d 274, 275 (N.Y.Sup.Ct.1984).

This court finds the second line of interpretation to be more persuasive. Further, as the court in *Bankston* stated:

> It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). In addition, where a legislative body "includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). [Finally, i]n *Suzuki Motor Co., Ltd. v. Superior Court,* [200 Cal.App.3d 1476,] 249 Cal.Rptr. [376,] 379, the court found that because service of process by registered mail was not permitted under Japanese law, it was "extremely unlikely" that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan had specifically objected to the much more formal modes of service by Japanese officials which were available in Article 10(b) and (c).

*Bankston,* 889 F.2d at 174.

For these reasons, this court rules that service of process by direct mail is not permitted under Article 10(a) of the Hague Convention, and the defendant, YMC JAPAN, has not been properly served by the plaintiffs on either of the two attempts by mail.

### III. SERVICE ON A SUBSIDIARY

■ In the third attempt to effect service of process on YMC JAPAN, plaintiffs served copies of the summons and complaint on CT Corporation, the designated agent of YMC USA. Florida law provides for serving process on a particular agent designated by a foreign corporation who is doing business in the state. Fla.Stat. § 48.181(2) (1989). However, in this case, service was made on an agent designated to accept service for YMC USA, a subsidiary of the defendant, YMC JAPAN. Florida courts have ruled that a parent-subsidiary relationship *alone* does not establish the agency necessary for serving process on the parent through the subsidiary. *Volkswagenwerk Atkiengelselischaft v. McCurdy,* 340 So.2d 544, 546 (Fla. 1st D.C. A.1976); *Mac Millan–Bloedel, Ltd. v. Canada,* 391 So.2d 749, 751 (Fla. 5th D.C.A. 1980). Only when a foreign corporation is shown to have a degree of control over the subsidiary, so that the activities of the subsidiary are in fact those of the parent within the state, can service on a subsidiary be effective. *Id.; accord May v. Volkswagen of America,* 125 F.R.D. 521 (N.D.Ga.1989); *Turick by Turick v. Yamaha Motor Corp., U.S.A.,* 121 F.R.D. 32 (S.D.N.Y.1988).

■ Plaintiffs have neither presented nor proven any facts tending to show that the defendant, YMC JAPAN, exercised control over its subsidiary, YMC USA. Plaintiffs have merely relied upon the fact that YMC USA is a subsidiary of YMC JAPAN and thus have not met the burden of proving proper service of process. *C.f. Lamb v. Volkswagenwerk Aktiengesellschaft,* 104 F.R.D. 95 (S.D.Fla.1985) (holding that the plaintiff presented sufficient evidence to establish an agency relationship for service to be effective).

### IV. CONCLUSION

Plaintiffs' first two methods of establishing service involve mailing documents abroad, and therefore the Hague Convention must be followed. The court finds that, pursuant to the Hague Convention, service on defendants YMC JAPAN by di-

**210**

rect mail to the company's headquarters and to the Secretary of State is not effective service. The Court further finds that service on the subsidiary of YMC JAPAN is ineffective since the plaintiffs did not meet their burden of showing that the subsidiary was in fact an agent of the defendant. The court finds it is unnecessary to address YMC JAPAN's due process concerns since the service, in and of itself, was ineffective. Accordingly, it is

ORDERED that the motion to quash process and service of process of defendant YMC JAPAN is granted. The Court grants thirty days to perfect proper service.

DONE and ORDERED.