[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS CT Page 2601
One of the defendants in this action, Ryobi Limited, has filed a motion to dismiss the action as to it, claiming that service of the summons and complaint was not made in accordance with the Hague Convention or the internal laws of Japan. The action against it is a product liability claim under section 52-572m of the General Statutes. The plaintiff was injured by a radial saw manufactured and distributed for sale, exported to the United States and sold and used in Connecticut by the injured plaintiff. Ryobi Limited was served in accordance with the Connecticut long-arm statute for nonresident corporations, section 33-411 of the General Statutes. Service was made on the Secretary of State of Connecticut, and a copy of the summons and complaint (in English) was sent by registered mail to Ryobi Limited in Japan. Ryobi Limited claims that this method of service does not comply with the Hague Convention of the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters (hereafter called the "Convention"). Otherwise, the defendant does not contend that the Connecticut long-arm statute cannot apply outside the territorial limits of the United States or that the method of service did not conform with section 33-411. The plaintiff does not dispute that a treaty or international convention entered into by the United States must be followed, Zschernig v. Miller, 389 U.S. 429,19 L.Ed.2d 683 (1968) and that the Hague Convention controls when service of process is made abroad. Volkswagenwerk AG v. Schlunk, 486 U.S. 694,100 L.Ed.2d 722, 108 S.Ct. 2104 (1988).
Article 1 of the Convention provides that "[t]he present convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Article 2 states that "[e]ach contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States and to proceed in conformity with the provisions of Articles 3 to 6." The plaintiffs claim that service was properly made upon the defendant in Japan in accordance with Article 10(a) of the CT Page 2602 Convention. Article 10 states:
 Provided the State of destination does not object, the present Convention shall not interfere with —
 (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
 (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
 (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.
Both Japan and the United States are signatories to the convention. Japan has objected to subparagraphs (b) and (c) but not to subparagraph (a). Bankston v. Toyota Motor Corporation, 889 F.2d 172, 173 (8th Cir. 1989); Ackermann v. Levine, 788 F.2d 830, 840 (2nd Cir. 1986). This omission can be interpreted to mean either that Japan consents to direct service by mail, or that Article 10(a) does not refer to formal service so that there was no reason for Japan to object. McClenon v. Nissan Motor Corporation in U.S.A.,726 F. Sup. 822, 825 (N.D. Fla. 1989).
Two distinct lines of interpretation of Article 10(a) exist. Some decisions hold that Japan's failure to object to subparagraph (a) indicates that it accepts service of process by mail. Patty v. Toyota Motor Corporation, 777 F. Sup. 956
(N.D. Ga. 1991); Meyers v. ASICS Corp., 711 F. Sup. 1001
(C.D. Ca. 1989); Smith v. Eainichi Kinzoku Co., 680 F. Sup. 847
(W.D. Tex. 1988); Newport Components, Inc. v. NEC Home Electronics (U.S.A.), Inc., 671 F. Sup. 1525 (C.D. Ca. 1987); Weight v. Kawasaki Heavy Industries, 597 F. Sup. 1082
(E.D. Va. 1984); Chrysler Corp. v. General Motors Corp.,589 F. Sup. 1162 (D.D.C 1984). See also Ackermann v. Levine,788 F.2d 830, 839, 840 (2nd Cir. 1986) (service in the United States by West German plaintiff). The reasoning in this line of cases is that since the purpose of the Hague Convention is CT Page 2603 to create a reasonable system for service of process in foreign countries, the reference to "the freedom to send judicial documents, by postal channels, directly to persons abroad" in Article 10(a) would be unnecessary unless it was related to the sending of documents for the purpose of service. Id., 839, quoting Shoei Kako Co. Ltd. v. Superior Court, 33 Cal.App.3d 808, 821-22, 109 Cal.Rptr. 402,411-12 (1973). These cases take the approach that the use of "send" rather than "service" in Article 10(a) can be attributed to careless drafting of the Convention and that allowing service of process by registered mail adequately serves the purposes of the Hague Convention and concepts of civil procedure by giving adequate notice of the complaint and the grounds for it to the defendant. See Patty v. Toyota Motor Corporation, supra, 958, 959.
The other line of cases is that the word "send" in Article 10(a) is not the equivalent of "service of process," since the word "service" is specifically used in other sections of the Hague Convention, including subsections (b) and (c) of Article 10. Bankston v. Toyota Motor Corporation, supra, 173, 174; McClenon v. Nissan Motor Corporation in U.S.A., supra, 825, 826; Wasden v. Yamaha Motor Co., Ltd.,131 F.R.D. 206 (M.D. Fla. 1990); Hantover, Inc. v. Omet,688 F. Sup. 1377 (W.D. Mo. 1988); Ormandy v. Lynn, 122 Misc.2d 954,472 N.Y.S.2d 274 (1984); Reynolds v. Koh, 109 App.Div.2d 97,490 N.Y.S.2d 295 (1985). Since Japan does not allow service of process except through the court clerk for domestic process under Article 200(c) of the Code of Civil Procedure in Japan, it is unlikely that Japan would allow service of process by mail under Article 10(a) of the Convention where the plaintiff is a foreign claimant. McClenon v. Nissan Motor Corporation in U.S.A., supra, 825. This position recognizes that it would be an illogical result to allow service of process to be made by use of the mails since the Hague Convention otherwise sets up another procedure for service of process, and if that procedure could be circumvented by simply sending something through the mail, the vast bulk of the Convention would be useless. Id., 826. The concept of statutory construction that where a particular word or phrase is used in one portion of a statute but is omitted in another, indicates that the distinction was intentional, so that use of the word "send" in Article 10(a) instead of "service" as used in subsections (b) and (c) was not intended to cover service of process. Bankston v. Toyota CT Page 2604 Motor Corporation, supra, 174. Under this interpretation, Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained by means of the more complicated method of service under Japanese law, namely service through the central authority of the country, the court clerk. Id., 174.
This court considers the second line of cases more persuasive, and concludes that service of process upon a Japanese corporation in Japan by certified or registered mail does not comply with Article 10(a) of the Hague Convention. A similar conclusion has been reached in other decisions of the Superior Court, Montalvo v. Nutmeg Foods, 2 CSCR 760
(1987) (Harrigan, J.); Cardillo v. KIS France, 2 CSCR 1188
(1987) (Cioffi, J.); Bourquin, Administrator v. Melsungen AG,3 CSCR 803 (1988) (Hennessey, J.), involving service in Italy, France and Germany, respectively.
The motion to dismiss of Ryobi Limited was filed within thirty days of the filing of an appearance by that defendant, and is timely under sections 142 and 144 of the Connecticut Practice Book. Since service did not comply with Article 10(a) of the Convention, the motion to dismiss is granted.
Robert A. Fuller, Judge