Harold CURCURUTO, Plaintiff,

v.

John R. CHESHIRE, Defendant.

Civ. A. No. CV294–40.

United States District Court,
S.D. Georgia,
Brunswick Division.

Oct. 4, 1994.

Walter Douglas Adams, Brunswick, GA, for plaintiff.

Richard K. Strickland, Whelchel, Brown, Readdick & Bumgartner, Brunswick, GA, for defendant.

### ORDER

ALAIMO, District Judge.

Harold Curcuruto filed this diversity action against John Cheshire on March 25, 1994, to recover damages resulting from an automobile accident. This case is presently before the Court on Defendant's motion to dismiss for insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). Defendant, Cheshire, contends that, as a Canadian resident, he should have been served with process according to the terms of the Hague Convention, but that he was not. He also claims that Plaintiff failed to perfect service of process under the Georgia Non–Resident Motorist Act by not filing an affidavit of compliance. For the reasons discussed below, Defendant's motion to dismiss is **DENIED.**

### FACTS

Harold Curcuruto ("Curcuruto") and John Cheshire ("Cheshire") were involved in a three car accident on I–95 in Camden County, Georgia, on March 27, 1992. Traffic was heavy due to an earlier accident on the interstate, and Curcuruto struck another vehicle from the rear. Cheshire's car then struck Curcuruto's car from the rear. Curcuruto

filed a diversity suit in federal court to recover for injuries resulting from the collision. Curcuruto is a resident of Florida and Cheshire is a resident of Ontario, Canada.

Curcuruto attempted service of process on Cheshire pursuant to the Georgia Non–Resident Motorist Act, O.C.G.A. § 40–12–1 *et seq.* ("the Act"). The Act allows service to be perfected on a non-resident motorist involved in an accident in Georgia by serving a copy of the complaint and summons on the Secretary of State of Georgia, provided that a copy is also sent by registered mail to the non-resident motorist. O.C.G.A. § 40–12–2. Curcuruto sent notice of service on the Secretary of State and a copy of the complaint and process to Cheshire by registered mail on March 26, 1994. The return receipt was signed by Cheshire's wife.

## DISCUSSION

### I. MOTION TO DISMISS

A claim may dismissed for insufficiency of service of process. Fed.R.Civ.Pro. 12(b)(5). Dismissal, however, "is inappropriate unless otherwise a party's rights would be seriously prejudiced or no reasonably conceivable means of acquiring jurisdiction over the defendant remains." *Miree v. United States,* 490 F.Supp. 768, 776 (N.D.Ga.1980).

Sufficiency of service of process is generally governed by Rule 4 of the Federal Rules of Civil Procedure. The Rules provide that, when state law allows a non-resident to be served in a foreign country, he may be served as provided by the specific state law or by any of five other methods, including mail. Fed.R.Civ.Pro. 4(e) & (i).

### II. THE HAGUE CONVENTION

The countries involved in this case, however, are signatories of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 UST 361, TIAS No. 6638. ("Hague Convention").[1] The scope of the Hague Convention is broad. It "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial

or extrajudicial document for service abroad." *Id.* at Art. 1. The Supreme Court has held that "[B]y virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 699, 108 S.Ct. 2104, 2108, 100 L.Ed.2d 722 (1988). Thus, in order to determine the sufficiency of the service of process in this case, the Court must first determine whether the standard to be applied is that of the Hague Convention or of the Federal Rules of Civil Procedure.

### A. Applicability of the Hague Convention

■ The Supreme Court stated in *Volkswagenwerk* that "[I]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." 486 U.S. at 700, 108 S.Ct. at 2108. In this case, the Georgia Non–Resident Motorist Act requires that a copy of the complaint and summons filed with the Secretary of State also be sent to the defendant by registered mail. Clearly, this is a transmission of documents abroad. *See Wasden v. Yamaha Motor Co., Ltd.,* 131 F.R.D. 206 (M.D.Fla.1990) (finding Hague Convention invoked by similar Florida law requiring that process filed with Secretary of State be mailed to defendant). The Hague Convention, therefore, governs the sufficiency of service of process in this case.

### B. Requirements of the Hague Convention

■ The Hague Convention states that each nation shall designate a central authority through which service of process may be effected. Hague Convention at Art. 2. That authority receives documents and serves them in accordance with either the internal law of the receiving state or a compatible method requested by the sender, then provides the sender with a certificate of service. *Id.* at Arts. 5, 6. A state may allow other

---

1. It was entered into force for the United States on February 10, 1969, and for Canada on May 1, 1989.

methods of service within its boundaries, *id.* at Arts. 8–11, 19, *see Volkswagenwerk,* 486 U.S. at 699, 108 S.Ct. at 2108, or it may object to the use of a particular method of transmission. Hague Convention at Art. 21.

Article 10(a) provides that, if the State of destination does not object, the Hague Convention does not change "the freedom to send judicial documents, by postal channels, directly to persons abroad." *Id.* at Art. 10(a). Article 19 says "[T]o the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions." *Id.* at Art. 19. The purpose of the Convention is to ensure that the notice given is effective and, at the same time, is not objectionable to the country of service. *Mommsen v. Toro Co.,* 108 F.R.D. 444 (S.D.Iowa, 1985) (citing *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.1981), *cert. denied* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981)).

### C. *Compliance with the Hague Convention*

■ Plaintiff in the present case did not serve Defendant through the central authority for Ontario, Canada, but served him by registered mail. There are two lines of cases concerning the acceptability of service of process by mail under Article 10(a) of the Hague Convention. *See generally* Beverly L. Jacklin, Annotation, *Service of Process by Mail in International Civil Action as Permissible under Hague Convention,* 112 A.L.R.Fed. 241 (1993). Many courts hold that 10(a) permits service by mail unless the country has objected to this method. *See Patty v. Toyota Motor Corp.,* 777 F.Supp. 956 (N.D.Ga.1991); *Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182 (D.D.C. 1984); *Borschow Hosp. and Medical Sup-*

*plies, Inc. v. Burdick–Siemens Corp.,* 143 F.R.D. 472 (D.P.R.1992);[2] *Melia v. Les Grands Chais de France,* 135 F.R.D. 28 (D.R.I.1991). Other courts hold that service by mail is not permitted under the Hague Convention, reasoning that "the freedom to send judicial documents" in 10(a) does not equal service of process. *See Bankston v. Toyota Motor Corp.,* 889 F.2d 172 (8th Cir. 1989); *McClenon v. Nissan Motor Corp. in U.S.A.,* 726 F.Supp. 822 (N.D.Fla.1989); *Wasden,* 131 F.R.D. 206.[3]

The Court is persuaded by the first argument, since the purpose of the Hague Convention is to ensure adequate notice to those served and to respect the protocol of the receiving country. So long as no objection is made by the country where service is being attempted, service by registered mail should be permitted under Article 10(a) of the Hague Convention as an effective means of service.

It appears that this is also Canada's interpretation; its accession to the Hague Convention states in reference to Article 10(a): "Canada does not object to service by postal channels." Hague Convention, Instrument of Accession of Canada, filed Sept. 26, 1988. Additionally, when documents are sent to the central authority for service in Ontario, "service will be made by certified mail at the option of the requesting party." *Id.* Canada also allows the use of mail for serving Canadian documents on people outside its boundaries. *Id.* Since service by mail is clearly acceptable under the internal law of Canada, it is consistent with the purpose and intent of the Hague Convention, and is an acceptable method of service under Article 10(a). *See also Cartwright v. Fokker Aircraft U.S.A., Inc.,* 713 F.Supp. 389 (N.D.Ga.1988), *disapproved on other grounds by Vermeulen v. Renault, U.S.A., Inc.,* 965 F.2d 1014 (11th Cir.1992) (service of process by mail not in-

---

**2.** The court in *Borschow* gives a three-part test for the propriety of service of process by mail under Article 10(a) of the Hague Convention: "(1) said process conforms to the requirements encoded in F.R.Civ.P. 4(i)(1)(D), (2) the receiving country has not objected to section 10(a), and (3) the documentation is translated to the language of the receiving country." The service in the case *sub judice* meets all three requirements.

**3.** The result in these cases may be attributable in part to the fact that the legal system of the receiving country, Japan, does not recognize service of process by registered mail at all. *Suzuki Motor Co., Ltd. v. Superior Ct.,* 200 Cal.App.3d 1476, 249 Cal.Rptr. 376, 379 (1988).

consistent with internal law of Netherlands, since country did not object at time Hague Convention adopted). Thus, Plaintiff's service of the summons and complaint by registered mail and Defendant's receipt and acknowledgement of service are in accordance with the Hague Convention and constitute sufficient service of process.

### III. *GEORGIA NON–RESIDENT MOTORIST ACT*

The Court further holds that Plaintiff has perfected service of process according to the terms of the Georgia Non–Resident Motorist Act, O.C.G.A. § 40–12–1 *et seq.*, since Plaintiff has subsequently filed an affidavit with the Court indicating compliance with the requirements of O.C.G.A. § 40–12–5.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Insufficient Service of Process is **DENIED.**

**SO ORDERED.**