[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Derek Hartley Cavendish-Pell, filed a two-count complaint on May 21, 1995, against the defendant, Pamela Howell a/k/a Pamela Pigeon, for action 1 out of a joint venture regarding the acquisition and development of a parcel of land in Stamford. The defendant resides in the united kingdom and was served by registered mail in the united kingdom pursuant to Connecticut's long-arm statute, § 52-59b.
The defendant moves (#104) to dismiss the action for lack of personal jurisdiction, lack of subject matter jurisdiction, and insufficiency of process and insufficiency of service of process.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machinery, Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983).
The defendant argues that service by mail to her in England is in violation of the Hague Convention and the internal laws of England. Hartley, the plaintiff, argues that there is sufficient support within the Hague Convention to provide for service by mail. CT Page 14214
"It is the service of process on the defendant which makes the commencement of an action conferring jurisdiction upon the court, not the reason of the writ to the court." Second taxing District.City of Norwalk v. Department of Revenue Services, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. CV85-0309764 (March 12, 1986, Aronson, J.). The United States and the United Kingdom are both signatories to the Convention on Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters (Hague Convention). The Hague Convention, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638. Articles 2-6 of the convention provide for service abroad. Under the Hague Convention documents must be forwarded to the appointed central authority, in England's case the Principal Secretary of State for Foreign Affairs. Hartley, the plaintiff, is not in compliance with these provisions in that he did not forward the papers to the Principal Secretary but rather forwarded them directly to the defendant. However, Article 10(a) of the Hague Convention provides, in pertinent part: "Provided the State of destination does not object, the present Convention shall not interfere with-(a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . ." England has accepted the convention with the following declaration: "With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the united kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting states."
The federal courts are split on the interpretation of Article 10(a), and on Japan's identical exception to paragraphs (b) and (c), but not to (a). Some decisions hold that the failure to object to subparagraph (a) indicates that it accepts service of process by mail and the word "send" is equivalent to "service."Patty v. Toyota Motor Corporation, 777 F. Sup. 956 (N.D. Ga. 1991); Meyers v. ASICS Corp., 711 F. Sup. 1001 (C.D. Ca. 1989);Smith v. Eainichi Kinzoku Co., 680 F. Sup. 847 (W.D. Tex. 1988); see also Ackermann v. Levine, 788 F.2d 830 (2nd Cir. 1986) (service in the United States by West German plaintiff).
Other decisions hold that the word "send" is not the equivalent of "service of process" because the word "service" is specifically used in other sections. Bankston v. Toyota MotorCorporation, 889 F.2d 172, 173, (8th Cir. 1986); Mclenon v. NissanMotor Corporation in U.S.A., 726 F. Sup. 833 (N.D. Fla. 1989);Wasden v. Yamaha Motor Co. Ltd., 131 F.R.D. 206 (M.D. Fla. 1990). CT Page 14215
Decisions of the Connecticut superior court have agreed with the federal cases in holding that "10(a) merely provides a method for sending subsequent documents after service of process has been obtained." Montalvo v. Nutmeg Foods, Superior Court, Judicial District of Fairfield, Docket No. 226591 (June 24, 1987, Harrigan, J., 2 CSCR 760) (service in Italy); Cardillo v. KIS France,
Superior Court, Judicial District of Stamford-Norwalk, at Stamford, Docket No. 084909 (October 22, 1987, Cioffi, J., 2 CSCR 1188) (service in France); Downes v. Ryobi America Corporation, Superior Court, Judicial District of Danbury, Docket No. 311959 (March 12, 1993, Fuller, J.) (service in Japan); Bourquin, Administrator v.Melsungen AG, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 346332 (September 13, 1988, Hennessey, J., 3 CSCR 803) (service in Germany).
Accordingly, the defendant's motion to dismiss is granted because the plaintiff did not comply with the Hague Convention. Because of this disposition of the case, the court does not reach Howell's last two arguments, that service of process was insufficient and that there were not sufficient contacts to meet the minimum contacts requirement for personal jurisdiction.
So ordered.
Dated at Stamford, Connecticut this 15th day of December, 1995.
WILLIAM B. LEWIS, JUDGE