## In re GREATER MINISTRIES INTERNATIONAL, INC.

**Kevin O'Halloran, as Trustee for Greater Ministries International Inc., Plaintiff,**

**v.**

**Milehouse Investment Management Ltd. and Patrick Lett, Defendants.**

**Bankruptcy No. 99–13967–8B1.**
**Adversary No. 01–00613.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 21, 2002.

. . . .

Robert Wahl, Tampa, FL, Rufus Dorsey, IV, Atlanta, GA, Jack C. Basham, Atlanta, GA, for plaintiff.

Robert M. Quinn, Tampa, FL, for defendants.

### ORDER ON MOTION TO QUASH SERVICE OF PROCESS, OR ALTERNATIVELY TO DISMISS

THOMAS E. BAYNES, Jr., Chief Judge.

THIS CAUSE came for hearing at a Pretrial Discovery Conference in this Adversary Proceeding. This Court heard the Defendants', Patrick Lett ("Lett") and Milehouse Investment Management LTD. ("Milehouse"), Motion to Quash Service of Process. At the request of the Court, both the Trustee, and the Defendants', provided briefs on the issue of notice under foreign law, specifically, determining what constitutes service of process in Ontario, Canada. The Court, having considered the motion, together with the records and arguments of counsel, finds as follows:

### FACTS

#### Attempted Service on Lett

In Canada, a private process server, Bill Drinnan ("Drinnan"), attempted service upon Defendant Lett. Drinnan made several attempts to serve Lett by delivering copies of the summons to his residence, a part of a condominium complex. Each time service was attempted, the concierge of the condominium complex refused to allow Drinnan inside. Ultimately, instead

of personally serving Lett, Drinnan left the summons package with the condominium concierge, who indicated that it would be delivered to Lett. Trustee's attorneys [1] mailed copies of the summonses to Mr. Lett's home [2].

### Attempted Service on Milehouse

Trustee's attorneys attempted Service on Milehouse Investment Management Ltd. ("Milehouse") by mailing copies to Milehouse's registered office address in Toronto [3]. They also attempted service of process upon a solicitor in Toronto, who at the time of service, was a registered officer of Milehouse with the Ministry of Consumer and Commercial Relations.

### Patrick Lett

### Personal Service

■ The United States and Canada are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra–Judicial Documents in Civil and Commercial Matters ("Hague Convention"). Federal law provides the Hague Convention to determine what constitutes service of process in the instant case. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988); Fed.R.Civ.P. 4(f), 4(h)2. The purpose of the Hague Convention is to ensure that individuals receive timely notice of judicial/extrajudicial documents, and to provide a simple and expeditious method for providing notice of a proceeding to a foreign citizen or corporation. *See* Hague Convention, Preamble *following* Fed.R.Civ.P. 4; *see also Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F.Supp.2d 1273, 1279–80 (S.D.Fla.1999). Articles 10 and 19 of the Hague Convention determine the scope of allowable service of process in the international arena, provided that the Destination State has not objected. Canada has made no such objection. *See Taft v. Moreau*, 177 F.R.D. 201, 204 (D.Vt. 1997); *Heredia v. Transport S.A.S., Inc.*, 101 F.Supp.2d 158, 161 (S.D.N.Y.2000). Thus, the provisions of the Hague Convention, along with the local Canadian Rules of Procedure, are applicable to the issue of service herein.

The applicable Canadian Law is Rule 16 of the Ontario Rules of Civil Procedure ("Rule 16"). *See In re Hunt's Pier Assoc.'s v. Conklin (In re Hunt's Pier Assoc.'s)*, 156 B.R. 464, 470 (Bankr.E.D.Pa. 1993) (citation omitted); *Dofasco Inc. v. Ucar Carbon Canada Inc.* 27 C.P.C. (4th) 342 (Ont.Ct. Justice 1998) (applying Ontario law). Rule 16 provides an "originating process" may be accomplished by one of several alternative means. Rule 16.01(1) provides, "... an originating process shall be served personally as provided in Rule 16.02 or ... by an alternative to personal service as provided in Rule 16.03." Rule 16.02(1)(a) provides, "... where a document is to be served personally, the service shall be made on an individual, other than a person under disability, by leaving a copy of the document with the individual."

The Trustee contends the concierge was acting as a process server when he deliv-

---

1. Jeffrey Smolkin of Fraser Milner Casgrain LLP is the Court approved special counsel for the Trustee in Canada. *See* Aff. of Jeffrey Smolkin at ¶ 1, (March 28, 2002). Parker Hudson Rainer and Dobbs ("PHRD") represents the Trustee domestically. *See* Aff. of Patrick Lett at ¶ 10, (March 28, 2002).

2. *Id.*

3. Defendants present an argument that the Trustee's attempts to serve Milehouse at its registered office address at 38 Toronto Street, Suite 1050, Toronto, Ontario, Canada M5C 2C5 were unsuccessful because Milehouse's actual registered address is at 36 Toronto Street. Aff. of Jack A. Basham, Jr. at ¶ 11, (March 27, 2002); Aff. of William Drinnan at ¶ 1, (December 12, 2001); Aff. of Jeffrey Smolkin at ¶ 2, (December 12, 2001).

ered the package to Lett. In *United States v. Islip*, where the Court of International Trade applies Canadian, and specifically Ontario, law, it was determined that "... any person who is not a party and who is at least eighteen years of age ..." is competent to effect service of a summons or complaint. *See United States v. Islip*, 18 F.Supp.2d 1047, 1057 (Ct. Int'l Trade, 1998) (citations omitted); *see also* Fed. R.Civ.P. 4(c)(2) ("... personal service may be affected by any person who is not a party and who is at least eighteen years of age....."); Bankruptcy Rule 7004(a) (stating personal service "... may be made by any person who is at least eighteen years of age and is not a party.").

However, *Islip* also stands for the proposition that service must additionally comply with Article 10(c) of the Hague Convention, which provides that "... any person interested in a judicial proceeding ..." may effect service. *Islip*, 18 F.Supp.2d at 1057. Thus, in order for the concierge to be considered the actual server of process, or the agent thereof, he must be deemed an interested party in this judicial proceeding.

This Court has been unable to locate any Canadian case authority that sheds light on what level of involvement an individual must have in order for that person to be considered an interested party. Accordingly, this Court finds the mere interaction of the concierge in the process of the delivery of the package does not constitute a level of interest which would make the concierge an interested party to this judicial proceeding. Rather, the concierge's activities constitute the mere performance of his duties as a concierge, and he did not accept, by intention or otherwise, the greater responsibility of serving process upon Lett by accepting the package. On this point, Defendant Lett's motion to Quash should be granted.

### Alternative Methods of Service

■ As an alternative to personal service under Rule 16.01, the Ontario Rules also provide Rule 16.03. Rule 16.03(5)(a) allows for service to be effected when personal service has not occurred. Under 16.03(5)(a), a copy must be left in a sealed envelope addressed to the party being served, at that person's place of residence, with anyone who appears to be an adult member of the same household. Additionally, Rule 16.03(5)(b) requires that copies of the summons be mailed by the next business day to the same residence.

The Trustee argues the concierge should be considered an adult member of the same household because of his employment at the condominium building in which Lett resides, and due to his personal knowledge of Lett. A bankruptcy court interpreting the same Ontario Rule found service of process upon a secretary at a defendant's place of business was insufficient to effectuate service under Rule 16.03(5). *Conklin* 156 B.R. at 471. This Court concurs with the reasoning of the *Conklin* court, and finds the concierge in the instant case is analogous to the secretary at a defendant's place of business in the *Conklin* fact scenario, and cannot be considered an adult member of the intended party's household. Thus, Defendant Lett's Motion to Quash should be granted on this point.

### Waiver of Service Due to Impracticality

■ The Ontario Rules provide another service alternative in Rule 16.04(1). Rule 16.04(1) dispenses with the aforementioned service requirements if it would be impractical under the circumstances to require personal service. The Trustee argues here personal service is impractical because of the security measures at the condominium complex, and because Lett clearly has notice of the adversary proceeding.

The Trustee cites *Nanasi v. Nanasi*, 17 O.R.2d 591, 1977 WL 169423 (O. Unified Fam.Ct.1977), where an Ontario court dispensed with service because the court was satisfied that no method of service could reasonably be expected to bring notice of the proceeding to the defendant. However, in *Nanasi*, which involved a divorce proceeding, the party to be served was in an unknown location in Western Canada. *Id.* at 591.

In this proceeding, all of the parties are well aware of Lett's current residence and his general whereabouts. This Court rejects the argument that service upon Lett is impractical simply because Drinnan could not gain access into the condominium complex. Notwithstanding Lett's admitted notice [4], this Court finds that service is not "impractical" for the purposes of effecting service under Rule 16.04(1). Thus, Defendant Lett's Motion to Quash should be granted on this point.

### Court Validation of Alternative Service

■ Rule 16.08 provides

Where a document has been served in a manner other than one authorized by these rules or an order, the court may make an order validating the service where the court is satisfied that the document came to the notice of the person to be served or; the document was served in such a manner that it would have come to the notice of the person to be served, except for the person's own attempts to evade service.

In *In re Consiglio*, 3 O.R. 798, 1971 WL 114263 (Sup.Ct.Ont.1971), service was effected upon Robert Boast, the brother in law of the desired potential defendant's wife, at Boast's residence. *Id.* The agent of service refused to believe that Boast was not in fact the intended servee, Consiglio. *Id.* There, the Ontario Court determined if the desired defendant had received actual knowledge of the summons, then the lower court may well come to the conclusion that service was affected upon Cosiglio, and not just upon his brother in law, Boast. *Id.* at 799. This view is consistent with other Canadian courts which have held that if the defendant has received either actual possession or knowledge of the legal documents in question, either directly or indirectly, then personal service may be considered effective if there is no prejudice to the parties' legal position. *Id.; see also, King v. Kokot*, 31 O.R.2d 461, 1980 WL 256478 (Ont.Sup.Ct. High Ct. Justice 1980) (holding service would not be set aside, although the rules for service were not formally complied with, when there was no evidence of prejudice to the defendant).

While it may seem that this Court could validate service here because of the defendant's knowledge of these legal proceedings [5], this Court finds Lett would be prejudiced if service were deemed effected upon him under Rule 16.08. Lett is entitled to perfected service under the Ontario Rules because the record has not shown that Lett has in fact evaded service of process, and because this Court finds that service here has not been, and still is not, impractical.

Additionally, a waiver of the technical requirements under the facts herein would render the other Ontario rules of service a nullity. This Court is unwilling to cause such a result. While knowledge may be enough in some circumstances, this Court finds that ineffective service cannot be-

---

**4.** *See* Aff. of Patrick Lett at ¶¶ 2–4, (March 6, 2002); Aff. of Cynthia Lett at ¶ 3, (March 6, 2002).

**5.** *See* Aff. of Patrick Lett at ¶¶ 2–4, (March 6, 2002); Aff. of Cynthia Lett at ¶ 3, (March 6, 2002).

come effective simply through the defendant's knowledge of a proceeding. This would essentially waive a defendant's right to be served properly upon a showing that they possess knowledge of a legal proceeding. Lett and potential future defendants have a Canadian statutory right to receive service of process if they have not forgone that right by evading service, especially when service may be reasonably carried out.

If service were to be validated here, this Court would also be ignoring legislative intent. If the government of Canada wished that notice of a proceeding was effective simply upon the knowledge of a potential defendant, then why have they not said just that, rather than enacting the numerous service methods which currently exist specifically to determine the success or failure of attempted service. Defendant Lett's Motion to Quash should be granted on this point.

### Service via Mail

■ Finally, the Trustee has attempted to establish service by having both his Canadian and American attorneys mail copies of the service to Lett's residence in Ontario, Canada. Following the adoption of The Hague Convention's Article 10(a), two distinct lines of interpretation have developed in the Federal courts as to the meaning of the word "send" as it is used in that Article. *See Wasden v. Yamaha Motor Co. Ltd.*, 131 F.R.D. 206, 208 (M.D.Fla. 1990).

The first line of cases has interpreted the Hague Convention as allowing service of process by mail. *See, e.g., Ackermann v. Levine*, 788 F.2d 830, 838–39 (2d Cir. 1986) (finding service by mail under Article 10(a) valid where not doing so would have perfected service upon a foreign defendant, but would have invlaidated similar service upon the Domestic party.); *Smith v. Dainichi Kinzoku Kogyo Co.*, 680

F.Supp. 847, 850 (W.D.Tex.1988) (holding in a diversity action involving a Japan Corporation that to not allow service to be effective through postal channels would be to hold the form of Article 10(a) over its substance.); *Newport Components Inc. v. NEC Home Electronics (U.S.A.), Inc.*, 671 F.Supp. 1525, 1541–2 (C.D.Cal.1987) ("If it be assumed that the purpose of the convention is to establish one method to avoid the difficulties and controversy attendant to the use of other methods . . ., it does not necessarily follow that other methods may not be used if effective proof of delivery can be made." (citations and emphasis omitted)).

These courts have held that ". . . careless drafting led to the use of 'send,' instead of 'service,' and thereafter the allowance of service of process by mail has been found to be in accordance with the drafter's intent." *Ackermann*, 788 F.2d at 838–39. "[These courts] reason that because the Convention document is wholly concerned with service abroad, the reference to sending judicial documents by postal channels would be superfluous unless it was related to the sending of such documents for the purpose of service." *Wasden*, 131 F.R.D. at 208.

*Wasden* also describes the second line of cases, which hold the meaning of the word "send" in Article 10(a) of the Hague Convention does not mean or include service of process. *Id.* (citing *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 174 (8th Cir. 1989)). *Wasden* went on to explain that this second

. . . interpretation recognizes that there are many provisions in the Convention which use the word service when describing approved methods of transmission for service of process. These courts reason that, had the drafters intended to provide for an additional method of service under subparagraph

(a), they could have simply used the word 'service'.... Courts following this interpretation hold that Article 10(a) merely provides for sending documents abroad after service of process has been obtained by means enumerated elsewhere in the Hague Convention.

*Id.* (internal citations omitted).

The *Wasden* court adopted the latter interpretation of Article 10(a) of the Hague convention, holding that direct mailing of a summons and complaint does not constitute effective service upon a foreign resident, even when the destination country has not objected to the Article. *Id.* This Court concurs, and refuses to incorporate service into the meaning of the word "send" in Article 10(a) of the Hague Convention. Rather, this Court reads Article 10(a) and its use of the phrase "send judicial documents" to enable parties to do just that, send documents, e.g. motions and discovery responses, after service has been perfected.

Additionally, when reading the other provisions of Article 10 of the Hague Convention this Court finds that the drafters intended to create methods of perfecting service, and thus used the term "service" and not "send". There is nothing to suggest the drafters of this famous Convention were confused as to these terms. Accordingly, this Court finds that service by mail under Article 10(a) of the Hague Convention is insufficient in and of itself to constitute service abroad upon a defendant in Ontario, Canada. Thus, Defendant Lett's Motion to Quash should be granted on this point.

### Milehouse Investment Management Ltd.

■ This Court first determines whether service upon Gordon Jacobs ("Jacobs")

effected service upon Milehouse. Jacobs, a solicitor in Toronto, was listed with the Ministry of Consumer and Business Services ("Ministry") as an officer of Milehouse. Rule 16.02(1)(c) states a complaint may be personally served upon a corporation by serving a copy upon a registered officer of that corporation. Ontario law requires a corporation to file a report with the Ministry within fifteen days when there is a change in officers [6]. *See* Corp.'s Info.Act (Ontario), R.S.O., ch. C–39, § 4(1) (1990) (Can.). The fact that Jacobs was not an officer of the corporation at the time of service has no impact on this Court's determination. Not only was he listed with the Ministry as an officer of Milehouse, he also accepted the package containing the summons and complaint from Drinnan without indicating that he was no longer an officer of Milehouse.

In light of this Court's ruling that service upon Milehouse was successful upon service of Jacobs, this Court need not answer the question of whether service was effected by mail. Accordingly, this Court finds that Milehouse has been served according to the requirements of both the Hague Convention and the applicable Ontario Rules. On this point Defendant Milehouse's motion to Quash should be denied.

Accordingly, it is

ORDERED ADJUDGED AND DECREED the Defendants' Motion to Quash be, and same is hereby, granted as to Patrick Lett without prejudice to Trustee to properly serve Patrick Lett within twenty (20) days of the date of entry of this order. It is further

---

**6.** A form is readily available on the Ontario government official website to notify the Ministry of changes to a corporation's initial information. *See* Sched. A, Form 1— Ont. Corp., Initial Returns/Notice of Change, Corp.'s Info Act, found at http://www.cbs.gov.on.ca/mcbs/glish/4VWQQC.htm.

ORDERED ADJUDGED AND DE-CREED that the Defendants' Motion To Quash be and the same is hereby denied as to Defendant Milehouse Investment Management Ltd. and they shall file their Responsive Pleadings within twenty (20) days.