MEEK, Appellant,

v.

NOVA STEEL PROCESSING, INC. et al., Appellees.

[Cite as *Meek v. Nova Steel Processing, Inc.* (1997), 124 Ohio App.3d 367.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 97–CA–13.

Decided Dec. 5, 1997.

*Alfred J. Weisbrod,* for appellant.

*Richard J. Disantis* and *Brian J. Green,* for appellees.

FAIN, Judge.

Plaintiff-appellant, Robert Meek, appeals from a judgment of the Miami County Court of Common Pleas dismissing his complaint against defendant-appellee, Sumikura Industrial Co., Ltd., for failure to perfect service in accordance with the Hague Convention within the one-year time period permitted by Civ. R. 3(A). Meek contends that he did comply with the terms of the Hague Convention, and that he timely served Sumikura, pursuant to Civ. R. 3(A), within one year from filing his amended complaint.

We conclude that the trial court correctly determined that Meek failed to comply with the provisions of the Hague Convention for effecting service. However, we also conclude that the trial court erred by failing to afford Meek one year from the date the amended complaint was filed within which to perfect service.

Accordingly, the judgment of the Miami County Court of Common Pleas is reversed, and this cause is remanded with instructions to grant Meek additional time within which to comply with Civ. R. 3(A).

## I

This case was originally filed on September 27, 1995 by Meek against Nova Steel Processing, Inc., and John Doe, a manufacturer. The complaint alleged that, on September 29, 1994, Meek suffered injuries while working for Nova and operating a machine manufactured by John Doe. On May 28, 1996, Meek filed an amended complaint identifying John Doe as Sumikura Industrial Co., Ltd., a Japanese corporation. Meek also filed a notice of voluntary dismissal as to Nova. Service upon Sumikura was attempted by registered mail on May 29, 1996. On November 25, 1996, the Miami County Clerk of Courts received a notice from the United States Postal Service that the foreign postal administration had reported that the registered mail summons was delivered to the proper person.

In its answer to the complaint, Sumikura raised the affirmative defenses of improper service and lack of compliance with the Hague Convention. Sumikura filed a motion for judgment on the pleadings for lack of personal jurisdiction and insufficiency of service of process. On February 6, 1997, the trial court entered judgment in favor of Sumikura. In its decision, the trial court determined that Meek did not comply with Civ.R. 3(A) because he failed to perfect service on Sumikura within one year of filing the original complaint. The trial court further determined that Meek failed to serve Sumikura in accordance with the Hague Convention.

## II

Meek's first assignment of error is as follows:

"The trial court committed prejudicial error when it granted Sumikura's motion to dismiss, as plaintiff–appellant was in compliance with the Hague Convention."

Meek contends that he perfected service on Sumikura in a manner that was acceptable under the Hague Convention and that the trial court erred by determining otherwise. In support, he argues that the notice from the United States Postal Service, indicating that the foreign postal administrator had reported that delivery was made to the proper person, clearly demonstrates that he "went through the proper channels in Japan as well as the procedures outlined in the Hague Convention for service of process." He further argues that the "foreign administrator" is Japan's "central authority" as that phrase is used in the Hague Convention.

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters is an international treaty that has been ratified by the United States and Japan. U.S.C.S. International Agreements (1995) 265 *et seq.* "As the Supreme Court has recognized, at the Conference in which the treaty was drafted, the Conferees sought to provide a

'simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad.'" *Lyman Steel Corp. v. Ferrostaal Metals Corp.* (N.D.Ohio 1990), 747 F.Supp. 389, 399, quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988), 486 U.S. 694, 698, 108 S.Ct. 2104, 2107, 100 L.Ed.2d 722, 730. As a ratified treaty, the Hague Convention is "the supreme law of the land." Clause 2, Article VI, United States Constitution.

■ According to Meek, he has complied with Articles 2 through 6 of the Hague Convention, which permit service via a "Central Authority" of the country in which service is to be made. See U.S.C.S. International Agreements, *supra*, at 265—266. In Japan, the Minister for Foreign Affairs is designated as the Central Authority for service of process. *Id.* at 294. The record in this case does not support Meek's contention that service was completed through Japan's Central Authority. The record is devoid of any evidence that service was attempted through the Japanese Minister for Foreign Affairs. Meek's claim that the notice from the United States Postal Service indicating that the foreign postal administrator had forwarded the registered mail proves that the Japanese Central Authority completed service is unwarranted. Thus, we conclude that Meek did not comply with Articles 2 through 6 of the Hague Convention because he failed to serve Sumikura through Japan's Central Authority.

The more problematic issue is whether, as he claims, Meek complied with Article 10 of the Convention by sending summons via registered mail. Article 10 provides as follows:

"Provided the State of destination does not object, the present Convention shall not interfere with -

"(a) the freedom to send judicial documents, by postal channels, directly to persons abroad * * *."

The issue with which we are presented is whether service by registered mail is permitted by subparagraph (a) of Article 10.

Our research reveals that "[i]n recent years, two distinct lines of Article 10(a) interpretation have arisen." *Bankston v. Toyota Motor Corp.* (C.A. 8, 1989), 889 F.2d 172, 173. "Some courts have ruled that Article 10(a) permits service of process by mail directly to the defendant without the necessity of resorting to the central authority, and without the necessity of translating the documents into the official language of the nation where the documents are to be served." *Id.* Their reasoning is based upon the determination that the "use of the [word] 'send' rather than 'service' in Article 10(a) 'must be attributed to careless drafting.'" *Id.,* quoting *Ackermann v. Levine* (C.A. 2, 1986), 788 F.2d 830, 839. These courts have also reasoned that "since the purported purpose of the Hague Convention is

to facilitate service abroad, the reference to 'the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service.' " *Bankston* at 173.

The second line of cases holds that since "[t]he word 'service' is specifically used in other sections of the Convention, including subsections (b) and (c) of Article 10[ ]," had the drafters of the Convention intended "for subparagraph (a) to provide an additional manner of service of judicial documents, they would have used the word 'service.' Subscribers to this interpretation maintain that Article 10(a) merely provides a method for sending subsequent documents, after service of process has been obtained by means of the central authority." *Id.* at 173, 174.

We have been unable to find any authority in the Court of Appeals for the Sixth Circuit regarding this precise issue. We note that the United States District Court for the Northern District of Ohio has held that registered mail service is not sufficient service of process under the terms of the Hague Convention. *Lyman Steel Corp.*, 747 F.Supp. 389. However, that case dealt with service of process upon West German defendants, whose country had specifically rejected all portions of Article 10. *Id.* at 400.

Like the Eighth Circuit, we find the more restrictive interpretation of Article 10(a) to be more persuasive:

"It is a 'familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.' In addition, where a legislative body 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion.' ' * * *[B]ecause service of process by registered mail was not permitted under Japanese law, it was "extremely unlikely" that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan had specifically objected to the much more formal modes of service by Japanese officials which were available in Article 10(b) and (c).' " (Citations omitted.) *Bankston* at 174.

We conclude, therefore, that Article 10(a) of the Hague Convention does not permit service of process by registered mail.

Meek's first assignment of error is overruled.

### III

Meek's second assignment of error is as follows:

"The trial court committed prejudicial error when it granted Sumikura's motion to dismiss for failure of plaintiff–appellant to timely perfect service on Sumikura in accordance with the Ohio Civil Rules."

Meek contends that the trial court erred by dismissing his case without allowing him to perfect service during a one-year period after the filing of the amended complaint. He argues that pursuant to Civ.R. 3(A), he had one year from the filing of the amended complaint, on May 28, 1996, within which to perfect service on Sumikura. In support, he cites *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801.

Civ.R. 3(A) provides as follows:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."

In *Goolsby*, the plaintiff filed a complaint against a defendant but instructed the clerk to not have the complaint served. *Id.* at 550, 575 N.E.2d at 802. " * * * [T]wo days prior to the expiration of the statutory period for bringing the action," the plaintiff instructed the clerk to effect service, which was obtained six days later. The Supreme Court held that the action had been properly commenced pursuant to Civ.R. 3(A). The holding turned on the finding that the plaintiff could have gained an extra year for perfecting service merely by filing a voluntary notice of dismissal and refiling the action. *Id.* at 551, 575 N.E.2d at 802–803. The Supreme Court held that the instruction by the plaintiff to the clerk to attempt service was equivalent to dismissing and refiling the case. *Id.*

We conclude that *Goolsby* is dispositive. Like the Court of Appeals for Franklin County, applying *Goolsby* to the facts of the case before us, we can discern no difference between filing an amended complaint and refiling the original complaint for purposes of extending the one-year period within which to perfect service under Civ.R. 3(A). See *Bank One, Columbus, NA v. O'Brien* (Dec. 31, 1991), Franklin App. Nos. 91AP–166 and 91AP–441, unreported, 1991 WL 281429.

We conclude that the trial court erred by prematurely dismissing, by more than three months, Meek's complaint for failure to perfect service within one year of filing the original complaint. Meek should have been permitted to perfect service at any time up to and including May 28, 1997.

Accordingly, Meek's second assignment of error is sustained.

## IV

Meek's second assignment of error having been sustained, we reverse the judgment of dismissal, and this cause is remanded for further proceedings in accordance with this opinion. Meek shall have one hundred and eleven days, from the date of entry of our judgment, within which to perfect service under the terms of the Hague Convention.

*Judgment reversed*
*and cause remanded.*

FREDERICK N. YOUNG, P.J., and GRADY, J., concur.