OPINION
Plaintiff-Appellant Robert Meek is appealing the trial court's denial of his motion for relief from judgment pursuant to Civ.R. 60(B). This is Meek's third appeal to this court concerning a products liability action he filed in 1995 against a John Doe defendant, later identified as Defendant-Appellee herein, Sumikura Industrial Co., Ltd. See Meek v.Nova Steel Processing, Inc. (1997), 124 Ohio App.3d 367; Meek v. NovaSteel Processing, Inc. (Apr. 23, 1999), Miami App No. 98-CA-39, unreported.
Meek's initial complaint was filed on September 27, 1995, against his employer, Nova Steel Processing, Inc., and a John Doe defendant who manufactured the slitter machine that injured Meek during his cleaning of the machine. On May 28, 1996, Meek amended his complaint to identify the John Doe defendant as Sumikura Industrial Co., Ltd., which is located in Japan. In addition, Meek filed a voluntary notice of dismissal as to Nova Steel.In its answer to Meek's complaint, and in its subsequent motion to dismiss, Sumikura raised the issue of Meek's failure to effect service on Sumikura in accordance with the requirements of the Hague Convention, to which both the United States and Japan are signatories. The trial court found that the triggering event for the running of Meek's time within which he must have completed service was the filing of his original complaint and that Meek had failed to perfect service in compliance with the Hague Convention within the time allowed. On December 5, 1997, we agreed that service had not been accomplished under the Hague Convention, but disagreed with the trial court on when the time within which service must be perfected had begun to run. Rather than the date of the original complaint, we found that the time began running on the date Meek filed his amended complaint naming Sumikura as the John Doe defendant. Consequently, we found Meek to be entitled to one hundred eleven days from the date of entry of our judgment, or until March 27, 1998, to perfect service on Sumikura under the terms of the Hague Convention.
On June 5, 1998, Sumikura moved for dismissal on grounds that service had not been perfected by March 27, 1998. In his memorandum opposing dismissal, Meek suggested that service had been perfected, but neglected to provide the trial court with the actual date of service. The trial court delayed its decision on Sumikura's motion to dismiss to allow Meek additional time in which to provide the court with proof of the date of service. By August 4, 1998, Meek had not done so, and the trial court granted Sumikura's motion. Meek again appealed, and in the absence of any new evidence, we rejected his argument that service had been perfected according to the Hague Convention as having been previously resolved against Meek in his first appeal. In addition, we noted that we could not consider documents offered by Meek that were purportedly the Japanese Central Authority's explanation as to why service had not been perfected because they had not been made a part of the record in the trial court. We suggested that any relief the documents might provide from the trial court's dismissal of the suit would be cognizable, if at all, under Civ.R. 60(B), and we affirmed the court's judgment.
On May 27, 1999, Meek followed our suggestion and filed a motion pursuant to Civ.R. 60(B) wherein he claimed to be entitled to relief from the trial court's judgment because there was newly discovered evidence which, by due diligence, could not have been discovered prior to the court's judgment, and because Sumikura had engaged in misconduct calculated to deliberately avoid service. Meek also invoked the catch-all provision of Civ.R. 60(B)(5) which permits a court to grant a movant relief from judgment for any other reason justifying such relief. Appended to his motion and memorandum in support were photocopies of three documents written predominately in Japanese and which appear to have handwritten translations into English on them. Those same documents as well as several others, collectively marked for purposes of identification as Plaintiff's Exhibit 5, were presented to the trial court during the hearing held on Meek's motion for relief from judgment on October 15, 1999, and formed the basis of Meek's "newly discovered evidence" claim. After the hearing, and following the parties' filings of their respective post-trial memoranda, the trial court held Exhibit 5 was inadmissible hearsay because none of the documents had been authenticated and none had any certification as to the accuracy of the purported translations from Japanese into English. Further, the trial court found that Meek had presented no evidence that Sumikura had engaged in misconduct, or that Meek had a meritorious claim. Meek's Civ. R. 60(B) motion was accordingly denied, and Meek has filed a timely appeal from that judgment, advancing a single assignment of error.
Before turning to Meek's assigned error, we note that it is within the discretion of the trial court to decide whether or not to grant a party's Civ.R. 60(B) motion to set aside a judgment. Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20. Thus, absent a clear showing of an abuse of discretion, a trial court's decision granting or denying a Civ.R. 60(B) motion will not be disturbed on appeal. GTE AutomaticElectric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, 148. We further note that the relevant parts of Civ.R. 60(B) reads as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) * * * misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.
A party bringing a motion under Civ.R. 60(B) may prevail only upon demonstrating the following three requirements: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Electric, Inc., supra at paragraph two of the syllabus. Moreover, Civ.R. 60(B) is not a substitute for appellate review. Blasco v. Mislik (1982),69 Ohio St.2d 684, 686. Bearing these principles in mind, we turn to Meek's assignment of error, which is set forth as follows:
 The court committed prejudicial error when it overruled Plaintiff-Appellants [sic] motion for relief from judgment finding that Plaintiff-Appellant had failed to perfect service of process upon Sumikura in compliance with the Hague Convention within one year pursuant to Ohio Civil Rule 3(A).
In his assigned error, Meek claims that under the Hague Convention, a plaintiff suing a foreign defendant loses control of the service of process and surrenders it to, in this case, the Japanese Central Authority. In addition, he contends the Hague Convention imposes no time limit within which service must be perfected. Consequently, he argues, the one-year period for effecting service pursuant to Civ.R. 3(A) should be tolled when the Hague Convention governs the service of process.
While we find Meek's argument interesting, it is irrelevant to the trial court's ruling on his Civ.R. 60(B) motion from which he has appealed. Meek makes no suggestion that the trial court erred in concluding he had failed to establish the existence of any "newly discovered evidence" or "misconduct" by Sumikura. Civ.R. 60(B)(2) and (3). Nor does he contend that the circumstances he describes amount to "any other reason justifying relief from the judgment." Civ.R. 60(B)(5). Moreover, Meek offers no argument that he has a meritorious claim to present if relief is granted. See GTE Automatic Electric, Inc., supra
at paragraph two of the syllabus. Instead, Meek approaches the Hague Convention compliance apple for a third bite. We conclude that the arguments advanced now could have been raised in Meek's first appeal to this court. Since he did not do so, however, the issue has been waived, and we decline to address it at this late date. Additionally, however, we note that Meek's arguments neither contend nor convince us that the trial court abused its discretion in denying his motion for relief from the judgment.
Meek's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 _________________________ FREDERICK N. YOUNG, J.
WOLFF, J., concurs.