OPINION
Shigeyoshi Okubo, plaintiff, appeals from a judgment of dismissal of his complaint for damages against Koichi Shimizu, defendant. The dismissal was ordered on account of plaintiff's failure to effect service of process upon defendant within one year of filing his complaint and was without prejudice., Plaintiff had filed an earlier complaint on December 7, 1999, against defendant, who was then living in the United States, (#1999 CV 0474) asserting negligence while playing golf at a Greene County country club resulting in injury to plaintiff. Personal service of summons and complaint was made upon defendant. After defendant moved for judgment on the pleadings, plaintiff voluntarily dismissed his complaint without prejudice on March 31, 2000., Plaintiff filed a second complaint against defendant, asserting recklessness causing injury on May 19, 2000. By this time, defendant had returned to Japan.
From the record, it appears that plaintiff made two unsuccessful attempts to serve defendant by certified mail at defendant's residence address in Japan, one unsuccessful attempt to serve defendant by certified mail at defendant's business address in Japan, and one unsuccessful attempt to serve defendant by International Mail, Form 2865, at defendant's business address in Japan.
According to the trial court, "(t)he Plaintiff finally succeeded and the complaint and summons were served upon the Defendant in Singapore and the return receipt was received by the Clerk of Courts on February 13, 2001." The service was by International Mail, Form 2865. The record also reflects service by a process server in Singapore on defendant's secretary June 11, 2001.
On June 27, 2001, defendant moved to dismiss with prejudice, asserting that plaintiff had "failed to obtain valid service upon the defendant on or before April 2, 2001 as required by (R.C. 2305.17 and 2305.19)." The trial court dismissed the complaint but without prejudice, relying primarily on our opinion in Meek v. Nova Steel Processing, Inc. (1997),124 Ohio App.3d 367., Plaintiff asserts three assignments of error on appeal:
 1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT.
 2. THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT PLAINTIFF-APPELLANT'S PERFECTION OF SERVICE UPON DEFENDANT-APPELLEE IN SINGAPORE WAS INSUFFICIENT AS A MATTER OF LAW.
 3. THE TRIAL COURT ABUSED ITS DISCRETION IN ELECTING DISMISSAL OF PLAINTIFF-APPELLANT'S COMPLAINT AS THE REMEDY FOR THE ALLEGED LACK OF SERVICE.
At the outset, we note our disagreement with defendant that plaintiff was required to effect service upon defendant within a year of March 31, 2000, the date plaintiff dismissed his original complaint. Rather, we believe a proper reading of R.C. 2305.17 and 2305.19 is to the effect that plaintiff was required to effect service upon defendant within one year of May 19, 2000, the date he filed his second complaint. The trial court appears to have utilized May 19, 2001 as the cutoff date because it considered the mail service upon defendant in Singapore in late January — early February 2001, but not the June 11 service upon defendant's secretary.
In Meek, supra, we held "that Article 10(a) of the Hague Convention does not permit service of process by certified mail."
Plaintiff's first argument under the first assignment is that Meek is wrongly decided. Plaintiff places great reliance upon the discussion contained in Schiffer v. Mazda Motor Corporation (2000), U.S.D.C., N.D. Georgia, Atlanta Division 192 F.R.D. 335. Although Schiffer contains a masterful discussion of why Article 10(a) should permit service of process by certified mail, the district judge concedes "there is no obviously right or wrong answer to the question," p. 337, and "there is substantial ground for difference of opinion." P. 339. We continue to believe Meek is a sound interpretation of Article 10(a) of the Hague Convention, and we are not persuaded that the trial court erred in following Meek or that we should overrule Meek.
Plaintiff's second argument under the first assignment is that because the facts of Meek are different from the facts here, the trial court erred in relying on Meek. Facts considered significant by plaintiff in distinguishing this case from Meek are that defendant was personally aware of plaintiff's injury, had been personally served with process in the first lawsuit, had actively defended himself in the first lawsuit, and speaks and understands English. All of these facts, plaintiff contends, alerted defendant of the possibility of further litigation after he left the United States. Indeed, the argument concludes, defendant was served with process in the second lawsuit.
While these facts distinguish this case from Meek, they are not of legal significance in determining whether the trial court erred in relying on Meek. As we observed above, the holding in Meek is that Article 10(a) of the Hague Convention does not permit service of process by registered mail. Except for the personal service of process upon defendant's secretary that occurred beyond the one year time limit for making effective service, all of plaintiff's attempts at service of process were by use of the mails, which we held was not a permitted method of service of process under Article 10(a) of the Hague Convention. Thus, despite factual differences in Meek and this case, the only fact that is relevant to the issue of whether valid service was accomplished within one year of filing the second complaint is the same as in Meek: that service of process was attempted by mail.
The first assignment is overruled.
In his second assignment of error, plaintiff contends that the trial court erred in holding that the Singapore service was insufficient as a matter of law. He contends that Meek is limited to service of process in Japan. The trial court held that the late January — early February 2001 service was insufficient because it was accomplished by registered mail which Meek held was not permitted by Article 10(a) of the Hague Convention. Plaintiff attaches significance to the assumed fact that Singapore had not objected to Article 10. Assuming that Singapore had interposed no objection to Article 10, whereas Japan had interposed objections to subsections 10(b) and 10(c) but not 10(a), such lack of objection is of no consequence. Our holding in Meek was buttressed by the fact that Japan had objected to subsections 10(b) and 10(c) but only in that those objections aided in the interpretation of Article 10(a).
In deciding Meek, we relied on Bankston v. Toyota Motor Corp. (C.A. 8, 1989), 889 F.2d 172, 173-174 which stated:
 The crucial article for this discussion is Article 10, under which appellants herein purportedly attempted to serve process upon Toyota by registered mail. Article 10 provides in relevant part:
 Provided the State of destination does not object, the present Convention shall not interfere with —
 (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
 (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
 (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.
 Japan has objected to subparagraphs (b) and (c), but not to subparagraph (a). The issue before this court is whether subparagraph (a) permits service on a Japanese defendant by direct mail.
 In recent years, two distinct lines of Article 10(a) interpretation have arisen. Some courts have ruled that Article 10(a) permits service of process by mail directly to the defendant without the necessity of resorting to the central authority, and without the necessity of translating the documents into the official language of the nation where the documents are to be served.
 In general, these courts reason that since the purported purpose of the Hague Convention is to facilitate service abroad, the reference to "`the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service." Ackerman v. Levine, 788 F.2d 830, 839 (2d Cir. 1986). See also Smith v. Dainichi Kinzoku Kogyo Co., 680 F. Supp. 847, 850 (W.D.Tex. 1988); Newport Components, Inc. v. NEC Home Electronics, Inc., 671 F. Supp. 1525, 1541 (C.D.Cal. 1987). These courts have further found that the use of the "send" rather than "service" in Article 10(a) "must be attributed to careless drafting." Ackerman v. Levine, supra, 788 F.2d at 839.
 The second line of interpretation, advocated by Toyota, is that the word "send" in Article 10(a) is not the equivalent of "service of process." The word "service" is specifically used in other sections of the Convention, including subsections (b) and (c) of Article 10. If the drafters of the Convention had meant for subparagraph (a) to provide an additional manner of service of judicial documents, they would have used the word "service." Subscribers to this interpretation maintain that Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained by means of the central authority. See, e.g., Hantover, Inc. v. Omet, 688 F. Supp. 1377, 1385 (W.D.Mo. 1988); Prost v. Honda Motor Co., 122 F.R.D. 215, 216 (E.D.Mo. 1987); Pochop v. Toyota Motor Co., 111 F.R.D. 464, 466 9 S.D.Miss. 1986); Mommsen v. Toro Co., 108 F.R.D. 444, 446 (S.D.Iowa 1985); Suzuki Motor co. v. Superior Court, 200 Ca.App.3d 1476, 249 Cal.Rptr. 376 (1988).
 We find this second line of authority to be more persuasive. It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). In addition, where a legislative body "includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983). In Suzuki Motor Co. v. Superior Court, 249 CalRptr. at 379, the court found that because service of process by registered mail was not permitted under Japanese law, it was "extremely unlikely" that Japan's failure to object to Article 10(a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan had specifically objected to the much more formal modes of service by Japanese officials which were available in Article 10(b) and (c).
 We conclude that sending a copy of a summons and complaint by registered mail to a defendant in a foreign county is not a method of service of process permitted by the Hague Convention.
The unequivocal holding of Meek is that registered mail is an impermissible method of effecting service of process under Article 10(a) of the Hague Convention. Its reach is not confined to Japan.
The second assignment of error is overruled.
In his third assignment of error, plaintiff contends the trial court abused its discretion in dismissing his complaint rather than allowing him to make service according to Meek. Defendant contends the trial court erred in not dismissing the complaint with prejudice.
Because defendant has not cross-appealed, his claim of error is not properly before this court. Because plaintiff did not accomplish valid service of process within a year of filing his second complaint, dismissal of his complaint was proper.
The third assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.