OPINION
{¶ 1} Appellants appeal the judgment of the Portage County Common Pleas Court, which dismissed their claims against appellees, Gillian Beattie and Allan Beattie, for lack of service of process and lack of personal jurisdiction. We reverse.
 {¶ 2} Appellants filed the instant action on June 13, 2002, seeking recovery for injuries sustained in an automobile accident. Appellants attempted, unsuccessfully, to serve appellees at their last known address in Spain. On July 26, 2002, appellees filed motions to dismiss pursuant to Civ.R. 12(B)(2) and 12(B)(5). Appellants did not oppose these motions. By entry filed August 23, 2002, the trial court granted appellees' motion to dismiss.
 {¶ 3} Appellants timely appealed asserting one assignment of error:
 {¶ 4} "The Portage County Court of Common Pleas erred in dismissing [appellants'] claims against Gillian and Allan Beattie for lack of service seventy-one days after the complaint against them was filed."
 {¶ 5} We first note that appellants' failed to respond to appellees' motion to dismiss. Therefore, we may consider the merits of appellants' argument only if we apply the plain error doctrine.
 {¶ 6} In Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, the Supreme Court of Ohio stated:
 {¶ 7} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id. at syllabus.
 {¶ 8} For the reasons discussed below, we find that the trial court's dismissal of appellants' claims constituted plain error. See,Miller v. City of Xenia (Aug. 25, 2000), 2d Dist. No. 99-CA-137, 2000 Ohio App. LEXIS 3845 (finding plain error where trial court dismissed claims upon statute of limitations grounds where statute of limitations had not yet expired); Conley v. Shearer (1992), 64 Ohio St.3d 284, 292, (finding plain error in dismissal of claims based on lack of subject matter jurisdiction.)
 {¶ 9} We now turn to appellants' substantive arguments. Appellants do not contend that they have effectively obtained service on appellees. They contend that the trial court erred in dismissing their claims prior to the expiration of the one-year period for obtaining service established by Civ.R. 3(A).
 {¶ 10} Civ.R. 3(A) provides:
 {¶ 11} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."
 {¶ 12} Appellants filed their complaint on June 13, 2002. Thus, under Civ.R. 3(A), they had until June 13, 2003 to obtain service on appellees. The trial court granted appellees' motions to dismiss on August 23, 2002, nearly ten months before the expiration of the period for obtaining service established by Civ.R. 3(A).
 {¶ 13} In Maryhew v. Yova (1984), 11 Ohio St.3d 154, the court stated, "[a]n action may be dismissed when service of process has not been obtained after the passage of more than one year." Id. at 157, citing Lash v. Miller (1977), 50 Ohio St.2d 63. Under the facts of the instant case, we find that the trial court erred in dismissing appellants' claims for lack of personal jurisdiction, due to failure of service, before the expiration of the one-year period established by Civ.R. 3(A).
 {¶ 14} Appellees also contend that appellants failed to comply with the Hague Convention, 20 U.S.T. 361. We need not reach this issue. Even assuming appellants had not attempted service in compliance with the Hague Convention, they still had time within which to do so. See, Meekv. Nova Steel Processing, Inc. (1997), 124 Ohio App.3d 367, 368, (stating, "We conclude that the trial court correctly determined that Meek failed to comply with the provisions of the Hague Convention for effecting service. However, we also conclude that the trial court erred by failing to afford Meek one year from the date the amended complaint was filed within which to perfect service.")
 {¶ 15} Appellant's sole assignment of error has merit. The judgment of the Portage County Common Pleas Court is reversed and this case is remanded for proceedings consistent with this opinion.
JUDITH A. CHRISTLEY, J., WILLIAM M. O'NEILL, J., concur.